Cox v. ESTEB *et al., Appellants.*

**Equity will not Relieve on a Ground not stated in the Petition:**
MISTAKE. Plaintiff being the beneficiary in a mortgage in which the land intended to be conveyed was not correctly described, brought his suit to have the mistake corrected. The holder of a later mortgage covering the same land, was made co-defendant with the mortgagor, the petition alleging that he knew of the mistake when he took his mortgage; and this was the only ground on which the pleadings placed the plaintiff's claim to relief as against him. At the trial it appeared that the later mortgage was given as security for a pre-existing debt. Plaintiff had judgment. On appeal by the holder of the later mortgage, it was contended, on behalf of the plaintiff, that even if the appellant had no notice of the earlier mortgage, as charged, still the judgment was right, since, the later mortgage being given to secure a pre-existing debt, the appellant

was not a purchaser for a valuable consideration; *Held*, that the judgment could not be sustained on this ground, no such case being made by the pleadings; and the court having, upon an examination of the evidence, come to the conclusion that the appellant had no notice of the mistake, reversed the judgment.

*Appeal from Caldwell Circuit Court.*—HON. E. J. BROADDUS, Judge.

*Donaldson & McLaughlin* for appellants.

*Crosby Johnson* for respondent.

HENRY, J.—This was an action in the circuit court of Caldwell county to correct an alleged mistake in a mortgage executed by Wm. M. Esteb to the plaintiff, Cox. By this mortgage said Esteb intended to convey, in addition to fifteen acres correctly described therein, the east half of the northeast quarter of section 21, township 56, range 28, but by mistake conveyed the east half of the northeast quarter of section 20. This mortgage was executed and recorded on the 18th day of February, 1873. On the 3d day of January, 1874, said Wm. M. Esteb executed a mortgage to his father, his co-defendant, by which he conveyed to him the 80 acre tract which he intended to convey, and supposed he had conveyed, to Cox. The petition alleges that John M. Esteb, when he received his mortgage, knew that William had, by the mortgage to Cox, conveyed, or intended to convey, the same to plaintiff. That the alleged mistake did occur in the mortgage to Cox was admitted on the trial. Respondent contends that, as the mortgage to John M. Esteb was made to secure a pre-existing debt due him from Wm. M. Esteb, and said John M. Esteb advanced no new consideration nor released any security he held for the pre-existing debt, he cannot be regarded as a purchaser for a valuable consideration, and, therefore, Cox's mortgage is entitled to priority over his, whether he had notice or not, that Cox's mortgage was intended to embrace the land in controversy. It is a sufficient answer

to this, that in the petition it is not alleged that John M. Esteb's *was*, or that Cox's *was not*, a pre-existing debt. The case made by the pleadings is the only one for consideration here, and, therefore, the only question is as to the sufficiency of the evidence to show that John M. Esteb had notice of the mistake as alleged in the petition.

Plaintiff introduced as a witness the defendant John M. Esteb, who testified that he knew Cox had a mortgage on William's land, but did not know what land or the amount of the debt; that he knew when William bought the land of Merchant, that he assumed the debt, or part of the debt, from Merchant to Cox; did not know the amount of the debt, but supposed it was not half as much as it appeared to be ; that he got Thomas Butts, an attorney, to examine William's title, which he did, and reported to witness that he would be perfectly secure if a school mortgage upon the land were paid off; that he made no examination himself, because his eye-sight was very defective; that he never knew that Cox's mortgage was intended to embrace the land in controversy.   Lemuel Dunn, for plaintiff, testified that shortly after the institution of this suit he had a conversation with John M. Esteb, in which Esteb asked why he was joined in the suit.   Witness told him of the mistake in the Cox mortgage.  Esteb said he did not know why he was sued, as he had not signed the note to Cox; said he was not able to pay the Cox debt; that he was not in a situation to pay it, and supposed he would· have to lose his claim against William.   Cox, the plaintiff, testified to a conversation he had with John M. Esteb sometime after the execution of the mortgage to said Cox; that Esteb stated that he was opposed to the purchase by William of the Merchant land, on the ground that he did not think that William could ever pay the debt due plaintiff, and also the mortgage to the county.   Witness did not state to John M. Esteb what lands his mortgage embraced. Wm. M. Esteb testified that he knew nothing of the mistake in the Cox mortgage until this suit was commenced;

that he never told his father what lands the Cox mortgage conveyed, or anything about the Cox mortgage; that when he was talking to his father about giving him a mortgage, he told him to refer to the records. This was all the evidence for plaintiff.

For the defendant, Thomas J. Butts testified that John M. Esteb employed him to examine the title to the land included in the mortgage to him from William; that witness did so, and told him that his mortgage would be good if the school mortgage on the land were paid off; that witness then prepared the mortgage from Wm. M. to John M. Esteb; that witness knew nothing of the Cox mortgage, except as appeared of record. Did not know that the Cox mortgage was intended to convey the 80 acres in controversy. This was all the evidence introduced by the defendant, and thereupon the court rendered the judgment complained of.

It is not alleged in the petition, nor was it proved on the trial, that Wm. M. Esteb did not own the land described in the Cox mortgage, and in the absence of an allegation and of proof to the contrary, we cannot assume that he was not the owner of that land. If it had been established on the trial that he did not own that land, and that John M. Esteb knew that he did not, it would have been a circumstance from which it might properly have been inferred that he knew there was a mistake in the Cox deed. · Here, then, is a conveyance to Cox of certain land which we assume to have been owned by Wm. M. Esteb, and. John M. Esteb might well have supposed that the mortgagee, Cox, was satisfied with a mortgage on those lands. He testified that he did not know that there was a mistake in the deed; that so far from knowing the amount of the Cox debt, it was double the amount he supposed. The son, William, testified that he said nothing to the father about the Cox deed, and that he was, himself, ignorant of the mistake that was made until this suit was commenced.

The evidence most confidently relied upon to prove ·

8–68

that John M. Esteb knew of the intention to embrace the land in controversy in the Cox mortgage, is that of Lemuel Dunn, that John M. Esteb said that he supposed he would have to lose his claim against William. It will be borne in mind that this was after Dunn had told him .that his was a second mortgage on the land, and that there was a mistake in the Cox mortgage. He may have supposed that the law on that state of facts would give the Cox mortgage the priority over his, and his remark to Mr. Dunn is entirely consistent with absolute ignorance, on his part, of the mistake in the deed, and of the intention of the parties to the Cox mortgage, thereby to convey the land in dispute. The plaintiff alleged that John M. Esteb took his mortgage with notice of the mistake in the Cox mortgage, and it was for him to prove that averment. We are not to presume, because of their intimate relation, especially in the face of the direct testimony of both father and son to the contrary, that the father knew what the son knew in regard to the mortgage to Cox. They were witnesses introduced by the plaintiff to establish the facts alleged in the petition, but their evidence proved the contrary, and reliance must be placed upon the statement made by John M. Esteb to Dunn, to overcome the positive testimony of these witnesses, and that statement, as we think, was consistent with perfect good faith on the part of John M. Esteb.

We are not inclined to reverse a judgment, even in a case where this court will, as in the present, review the evidence and correct the finding of fact of the trial court when the evidence is, apparently, evenly balanced, or although, in our judgment, the preponderance is against the finding, unless we think the preponderance so manifest, that the court must have labored under some misapprehension in regard to the evidence. We are inclined to the opinion, in this case, that some material evidence has, by inadvertence, been omitted from the bill of exceptions, otherwise we are at a loss to conjecture upon what ground

the court found, from the evidence, that John M. Esteb had the notice alleged in the petition. All concurring, the judgment is reversed and the cause remanded.

REVERSED.