PIKE v. ROBERTSON, *Appellant.*

1. **Deed Misdescribing Land**: RECORD: POSSESSION: SUBSEQUENT PURCHASER. Actual possession of land held under a deed which misdescribes it, will confer title as against a subsequent purchaser with knowledge of all the facts; but the mere record of such a deed without such knowledge will not affect a subsequent purchaser.

2. **Adverse Possession**: STATUTE OF LIMITATIONS. A person having color of title to land, during a period exceeding ten years, paid taxes on it and went upon it and cut and carried off firewood and rails; *Held*, that this was not such visible, notorious and continuous possession as would give him title under the statute of limitations.

*Appeal from Andrew Circuit Court.*—HON. H. S. KELLEY, Judge.

AFFIRMED.

*Heren & Son* for appellant.

*Bennett Pike* and *W. W. Caldwell pro se.*

EWING, C.—This is an action of ejectment commenced in April, 1879. The defendant answered and admitted his possession; that he held under a mortgage executed by Gabriel Long to Miles Hale and Benjamin Knott in December, 1861; that said mortgage was duly recorded January 21st, 1862; that it was due and unpaid; that the defendant bought it, and Hale and Knott assigned it to him; that by mistake the land was misdescribed in said mortgage, when it was made, as in section 14, whereas it was in section 15; that Long intended to convey the right land, and he and the mortgagees supposed it was right; that Long owned no other land in 14; that the correct land—that in section 15—is the land this defendant holds and is in possession of under said mortgage; that plaintiffs knew the defendant was in possession of and claimed the land as his own long before their purchase, and also knew of the misdescription in the mortgage, and that it was recorded and was not satis-

fied. Defendant then prayed that the misdescription might be corrected and the mortgage declared a first lien on the land.

The plaintiffs replied, and alleged that defendant took the assignment of said mortgage and debt long after said land had been purchased by Robert Davison, who bought it without notice of said mortgage; that defendant was a "voluntary assignee" of said mortgage and had paid nothing for it; and that defendant cannot have said mortgage reformed and corrected as against plaintiffs, who are *bona fide* grantees of said Robert Davison. For further reply plaintiffs say that in 1875, in Andrew county, there was a suit between the aforesaid Robert Davison and Holmes Robertson, the defendant, in which said action the title to the land now in controversy was in issue; that in his answer in that case Robertson pleaded the same defense set up now under said assigned mortgage from Hale and Knott; that the circuit court and the Supreme Court passed upon said mortgage, and the question was *res adjudicata*.

The defendant, in the answer to the petition of Robert Davison above mentioned, also set up as a defense a title in himself for said land acquired by a sheriff's deed for Gabriel Long's interest therein obtained after the mortgage to Hale and Knott; also a title in himself acquired from the heirs of Jacob Bird, the original owner of the land; and claimed possession and title under the sheriff's deed, under the Birds and under the Hale and Knott mortgage.

Plaintiffs, to sustain their action, offered a sheriff's deed to Robert Davison dated June, 1872, for the land in controversy, also the decree of the circuit court of Andrew county in the case above referred to of Robert Davison against Holmes Robertson, in substance as follows: That Jacob Bird died in 1850 seized of the land in controversy; that afterward the heirs of Jacob, in conveying it to Eli Bird, by mistake described it as in section 14 instead of in 15; that afterward Eli Bird conveyed to Gabriel Long in 1860, making the same mistake in description, but that

under the deed Long took possession of the right land; that in 1870 Robert Davison sued Long by attachment, got judgment and sold the right land and bought it at sheriff's sale in 1872; that in 1871, with full knowledge of these facts, Robertson procured deeds to himself from Bird's heirs for said land, and that said deeds were without consideration; and then decrees: "that the said Holmes Robertson be and he is hereby divested of all the right, title or interest acquired or attempted to be acquired in or to said northeast quarter of the northwest quarter section 15, in township 61, range 36, in said county and State, by virtue of the quit-claim deeds procured by him from said Bird's heirs," (naming them) "and that the title thus acquired by said Robertson be invested in the plaintiff Davison;" and the decree then reforms and corrects the deeds from Bird to Gabriel Long, and for costs, etc. Plaintiffs then offered a deed from Davison to themselves and rested.

Defendant then offered the mortgage from Gabriel Long to Hale and Knott, dated December, 1861; and introduced Knott as a witness, and proved the assignment and that the note had not been paid; that "the consideration of the assignment between him and Robertson was, that he was to pay me for said assignment whatever amount he was benefited by the same." Defendant being sworn said he had lost the assignment, which was made on a paper separate from the note; that the last time he saw it, it was in possession of Judge Pike, an attorney in the case; that he bought the land at sheriff's sale in 1864, got a deed and took possession of it; that in 1860 and 1861 Long was in possession of it, cutting wood and making rails; that he owned no other land in section 15; that he paid taxes on it up to 1873, and cut wood and rails on it and hauled them off. Defendant proved the same facts in substance by Wm. Wade, and rested.

Plaintiff, in rebuttal, then read the answer of Robertson, the substance of which has been stated.

There was judgment for the plaintiff, and the appellant Robertson brings the case here by appeal

The appellant insists that his possession under the Hale and Knott mortgage is sufficient to defeat the plaintiffs' recovery; and secondly, that plaintiffs' right of action is barred by the statute of limitations.

The first point must be decided against him. It is alleged in the answer that plaintiffs and their grantors had full knowledge that defendant was in possession of said land under claim of title before their purchase thereof at sheriff's sale, and also had knowledge of the Hale and Knott deed of trust and of the misdescription therein. This is a vital allegation, which if true and had been proven, would have given the land to the defendant. But the proof does not sustain these allegations, especially as to knowledge of the misdescription in the mortgage. The record of the mortgage, if the land had been properly described, would have been sufficient constructive notice in plaintiffs. An examination of the recorded mortgage would only have shown that Long had mortgaged to Hale and Knott certain lands in section 14; and in the absence of proof that they had knowledge of the mistake in this description, it was no notice at all; they could not have known thereby that Long intended to convey land in section 15, and hence this record was not sufficient to put them on inquiry. *Cox v. Esteb*, 68 Mo. 110.

*1. DEED MISDESCRIBING LAND: record: possession: subsequent purchaser.*

The second point must also be decided against the appellant. At the least the appellant had only color of title. His sheriff's deed was of no validity. *Davison v. Robertson*, 67 Mo. 208. The evidence does not show that "visible, notorious and continuous possession" necessary in a case like this. If the owner visit his land the indications of adverse possession and claim should be so patent that he could not be deceived. In this case, if the owner should have visited this land he might have seen wood cut and rails split and hauled off pretty

*2. ADVERSE POSSESSION: statute of limitations.*

good indications of trespass; but he would have seen no habitation, no inclosures, no fields—nothing indeed to advise him that an adverse claim was set up—that some one was disputing his title. *Musick v. Barney*, 49 Mo. 458.

The judgment will be affirmed. PHILIPS, C., concurring; MARTIN, C., absent.