Tettieone, J.,
delivered the opinion of the Court! ■
This is an action of debt, on a-sealed note, for $603:- The defendant pleaded four pleas. To the three first, there were demurrers, which-were sustained. The fourth plea was traversed by the plaintiff, and a verdict was found-upon that plea for the defendant. A new trial was moved for by the plaintiff and granted by the Court. On the second trial, a verdict was found for the plaintiff, and judgment given for the amount of the debt claimed in the declaration. To reverse that judgment, the defendant in the Court below brings his writ of error, and- assigns for efror, that the demurrers to the three first pleas were improperly- sustained:- The first plea is, that D’Lashmutt was not the next friend of the said-' plaintiff. This is no good plea in bar. If it can be pleaded at all, it must be in abatement.- Besides, in addition to the appearance of the plaintiff by D’Lashmutt, as his next friend, in the commencement of the suit, and in the subsequent proceedings, there is an express entry upon the record, prior to the said plea, which this Court consider as a sufficient recognition of him in that character, by the Court below. It is as follows: “Van B. D’Lash-mutt, above named, comes into Court and acknowledges himself as the next friend of Robert Montgomery, the plaintiff in this cause, who is an infant, under the age of-twenty-one years.” The defendant cannot plead a-fact'against the record. The first plea is, therefore, bad in every point of view, and the demurrer to-it was rightly' sustained.
The second plea is, that'tlife'Writing obligatory in the declaration mentioned, was-' obtained from the defendant by one James Montgomery, from whom the considera-' tion of said writing moved1 and was obtained, and by whose direction and request, the said writing was made payable to Robert Montgomery, in. the declaration men--tioned, by fraud, covin and misrepresentationwherefore, the said writing was and - is void in law, &c.-
The Court are of opinion, that-this'plea is good, and' that the demurrer to it was ikaproperly sustained. Fraud constitutes a good defence in law, the same as in equity;' *318 and the general allegation of fraud, without specifying the particulars, is sufficient 1 C hitty Pl. 553. The judgment on the demurrer to this plea must be reversed.
The third plea states, that the writing declared on, was obtained in the same way as in the last plea, by fraud, covin, and misrepresentation; and then proceeds to sp ecify the particulars of that fraud, to-wit: that the said James Montgomery falsely and fraudulently asserted to the said defendant, that the negro woman (part of the consideration of the said writing) was sound and free from defect; whereas, she was unsound, and became unable to work, from the wound she had received before tli6 sale of her to the said defendant as aforesaid; that defendant, confiding in the truth and fairness of the representations so made, gave the writing in the declaration mentioned, in the manner and form stated; wherefore, the said writing was and is void, See. This plea is clearly bad. The specification of fraud here set out, does not constitute a bar to the note. The fraud is not in obtaining the note, but in misrepresenting the quality of a part of the property which he received for it. For this fraud, he must resort to his cross action. A part of the consideration of the note is not complained of; the other part, the plaintiff represents as less valuable than he had expected, but still, he keeps the property, and affirms the contract. I-Ie must, therefore pay his note; and if the property is of less value than he had a right to expect, from the representations of the plaintiff, he must recover for that deficiency in a cross action. The demurrer to this plea was well sustained.
The defendant also assigns for error, that the Court below improperly granted a new trial. We see nothing upon the record which shows, that the Court below has abused its discretion on this subject.
There is also another error assigned, that the Court below refused to dismiss the cause from the docket, when there was no evidence that the person styling himself next friend of the infant plaintiff, was such. The bill of exceptions states, that defendant moved to dismiss the suit for the cause aboye stated, but the Court overruled the motion, saying: because, at the last August term of this Court, the said i>’Lash-mutt came into Court and acknowledged himself the next friend of the said plaintiff, and because the defendant had pleaded to the merits. The actregulating proceedings at law, section 5, act 1821, p. 76, requires the acknowledgment of the next friend to be in writing, and filed, &c. The appearance of an infant in any other way than by next friend, or guardian, is an error that cannot be waived; but the particular formalities of the appearance may be waived. Here was an appearance by next friend, though not in strict conformity with the act. The pleading to the merits was a waiver of the want of form in the appearance. The motion was correctly overruled.
Let the judgment on the demurrer to the second plea be reversed, and the cause remanded to the Court below, to be further proceeded in, according to law ; and let the plaintiff in error recover his costs on the writ of error.