Napton judge,
delivered the opinion of the court.
This was a bill in chancery to compel a re-assignment of a leasehold interest in St. Louis lots, assigned by the complainants to the defendants.
The complainants were partners in purchasing a'leasehold interest in a lot of ground in St. Louis, and in erecting buildings thereon. Becoming embarrassed in the progress of their buildings, they "applied to the defendant Knox for assistance. Knox made several advances to them, endorsed their notes, and they finally executed to him an assignment of the lease. This assignment was absolute on its face, but the complainants allege that it was understood at the time of its execution among all the parties, that it was to be re-assigned so soon as Knox reimbursed himself for the money he had advanced. This understanding, it is further alleged, was to have been reduced to writing, but from some cause was neglected. To enforce this agreement, and compel a re-assignment of the lease, is the object of the bill.
The defendant insisted upon the assignment as absolute.
At the hearing, evidence was given by the complainants to establish
*287 the allegations of their bill; the defendant read an affidavit of Mead, after proving his signature, to the effect that the assignment from Mead and Beekman to Knox, was absolute and unconditional; that there was no understanding or agreement, that Knox should reconvey, or any understanding that such agreement to recovery should be reduced to'writing.
Evidence was given on behalf of the complainants to destroy the credibility of this affiant.
The circuit court dismissed the bill without prejudice to Beekman, and from this decree Beekman has appealed.
We have not entered into the details of the bill, answers and evidence, because it is obvious that the merits of the case, so far as Beekman is concerned, have not been determined by the circuit court, and cannot be determined here. The circuit court dismissed the bill without prejudice to Beekman.
It is contended that this decree is erroneous, on the ground that Mead’s affidavit merely amounted to a disclaimer of interest on his part, and that it was no ground for dismissing a bill at the hearing; that there were not proper parties, or that improper parties were joined. We do not view the action of the circuit court in this light. The affidavit of Mead was at least evidence against himself. That defendant distinctly denied any material allegation of the bill. No application was made to the court for leave to amend and make Mead a party defendant, and it was impossible for the complainants, or either of them, to have a decree upon the allegations of the bill as they stood. It cannot be pretended that Mead was entitled to a decree against his own affidavit, and it is not easy to see how Beekman could have a decree upon the bill as it stood.
The bill charges that the complainants were partners in this purchase of leasehold property; that as such partners they made the assignment to Knox, and as such they were entitled to a reassignment; and the prayer of the bill is, that the lease be reassigned to them. It is not denied that a court may grant, under the prayer for general relief, a relief different from the specific relief sought; but the decree must be warranted by the allegations and proofs. The testimony of Mead put a new face upon the transaction; it was conclusive against any relief to him, and if there was a fraudulent combination between him and the defendant, it was proper that the bill should be modified to suit this altered state of things. The circuit court would doubtless have per *288 mitted an amendment, but this was not asked, and the least which the court could do was to dismiss the bill without prejudice to Beekman.
It will be observed that there was no evidence to show that Beekman and Knox had ceased to be partners, The partnership Was no doubt considered at an end by Mead, as it only extended to the mutual interest of the complainants in this leasehold property, and as the property had'been, according to his statement, unconditionally disposed of, the partnership of course ceased. But there is nothing in the affidavit of Mead, or in any other testimony, showing that Mead had sold his interest to any other person than Knox. If the allegations of the bill were sustained against the affidavit of Mead, the partnership continued, and Meed was entitled to the benefit of the decree sought. There is no disclaimer of interest on his part in the subject matter of the suit, but a statement that neither he nor his partner had any interest in the leasehold property, and that they had sold it unconditionally to the defendant. It may well be questioned, then, whether Mead’s testimony would be liable to the objection, even as against Beekman, of confessing away the rights of his co-partner after dissolution. His interest had not ceased, any more than that of Beekman. The falsity of his affidavit, if it be false, must be put upon the ground of a fraudulent combination with the defendant.
There was some evidence on this subject, but there was no allegation in the bill to which such evidence could be applied.
The other judges concurring, the decree is affirmed.