John B. White, Respondent, *vs.* Alex. W. Rush, Appellant.

1. *Practice, civil—Ejectment—Pleading—Judgment—Equity.*—In an action in ejectment, where defendant answered alleging that the deed under which plaintiff held was void, having been made upon a sale under the powers of a deed of trust, without sufficient notice being given of the sale as required by the deed; and plaintiff replied to the answer simply denying the new matter and asking no additional relief, the court could do no more than set aside the deed. It had no power to go further and order the payment by the defendant of taxes and the trust debt, or to order a foreclosure and sale in a manner not provided in the deed of trust.

*Appeal from Marion Circuit Court.*

*A. W. Rush*, for Appellant.

I. When the court declared that the sale and deed of Thompson to plaintiff were void, it had no power to proceed any further, except to remit the parties to their former *status*, the plaintiff not having asked the relief the court gave him. (Wagn. Stat., p. 999, ch. 110, Art. V, § 3; Am. Law. Reg., vol. 2, p. 721.)

Wagner, Judge, delivered the opinion of the court.

Plaintiff commenced his action in ejectment to recover the possession of certain real estate set out and described in the petition.

The defendant, in his answer, denied the allegations in the petition, and set up as new matter, as an equitable defense, that the deed under which plaintiff claimed title was void; that the deed was executed by one Thos. E. Thompson by virtue of a sale made under a deed of trust executed by defendant and wife to Thompson as trustee to secure the payment of a debt owing by defendant to plaintiff; that the deed required that the trustee should give at least twenty days' notice of the time, terms and place of sale, and that only fifteen days' notice was given by the trustee. The answer then prayed that the sale and deed made by the trustee to plaintiff might be set aside, and for naught held and esteemed.

The replication was a denial of the new matter set up in the petition, and averred that the trustee complied with the

terms of the deed in making the sale; but no new or additional relief was asked. Upon the issues thus framed, the case was submitted to the determination of the court.

The evidence clearly sustained the averment in the answer, and showed that the trustee, in executing the power, only gave fifteen days' notice of the time of sale, when the deed directly required twenty days' notice. The court so found and rendered its decree declaring the sale illegal and void, and that it passed no title.

The court then proceeded further and found that the plaintiff had paid certain taxes on the property after he purchased the same at trustee's sale, and that the defendant had not refunded them, nor had he paid any part of the note or interest which was due the plaintiff, and which was secured by a deed of trust. It therefore ordered, adjudged and decreed, that the deed be set aside, that the defendant have till a day therein prescribed, to pay the plaintiff the full amount of the note and interest, and all taxes paid by the plaintiff, and the costs which had accrued in this suit; and in default of such payment within the limited time, then the sheriff was authorized and directed to sell the property in the same manner as required by law for the sale of real estate, and the proceeds of the sale were to be applied and distributed as was in the decree set forth. From this judgment the defendant appealed.

After the court had found that the sale was void, and had set aside the deed, there was no issue in the case made by the pleadings warranting any further action or judgment.

Not only did the court put the defendant upon terms, but it went further and rendered a judgment of foreclosure and provided. for a sale in a manner entirely different from that contained in the deed of trust.

In rendering a judgment, the court is not confined to the relief prayed for in the petition. It may very properly give judgment for anything consistent with the issues made by the pleadings and sustained by the proofs in the case, whether the same is asked for or not. But it cannot go entirely outside of the case for matters upon which to found its judgment.

Had the defendant brought his petition to redeem on the ground that the sale was illegal, or had he taken that position in his answer, then the court might have granted the request and imposed the terms that it did, on the familiar principle that he who asks equity must do equity; or had the plaintiff sought such relief, even in his replication, the court would have been justified in granting it. But, as the case stands, there was simply a petition in ejectment, seeking the recovery of lands. The answer put the right of possession in issue on the ground that the plaintiff had no valid title, and this the court found to be true. After this finding and the setting aside of the deed, there was nothing in the pleadings justifying any further action than a simple judgment for the defendant.

The point urged by the defendant, that there was a non-joinder of parties because his wife was not included as a defendant, is not well taken. She had nothing but a dower interest; that was relinquished, and there was no necessity for making her a party.

The judgment must be reversed and the cause remanded; the other judges concur.