NEWHAM v. KENTON, *Appellant.*

**Practice in Equity.**    A decree in equity must be founded upon facts consistent with and embraced within the pleadings.    The prayer for general relief authorizes the court to grant any relief within these limits, but not beyond.    If a state of facts not pleaded is developed at the trial, the pleadings should be amended ; otherwise they cannot be made the basis of any relief.

*Appeal from Carroll Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED.

*John L. Mirick* for appellant.

*Hale & Sons* for respondents.

PHILIPS, C.—This is a bill in equity.    The petition states that plaintiffs are husband and wife ; that the wife contracted with the defendant Kenton, to the effect that, as her agent and trustee, he would purchase certain described real estate in the town of Norborne, in Carroll county ; that she furnished the money, and the title was to be taken in the name of the defendant, and immediately thereafter he should convey to her ; that the money was accordingly furnished, the purchase made by defendant and the title conveyed to him by the vendor.    The petition then averred that soon after said purchase the plaintiff, with the consent of defendant, entered into the possession and enjoyment of the premises, and had ever since so held the same, making large and lasting improvements thereon, such as erecting a

house, etc., at the outlay of about $1,000. It is averred that the defendant, though often requested thereto, has wholly failed, refused and neglected to make conveyance to the plaintiff Margaret, as he had agreed to do, and as in equity, etc., he was bound to do. The prayer of the petition is for a decree requiring the defendant to execute to her a good and sufficient deed vesting in her the right and title so acquired by defendant. and for proper relief. The answer is a general denial.

The bill of exceptions recites that: "The plaintiffs, to sustain the issues on their part, offered evidence tending to prove the facts set forth in the petition. The defendant, to sustain the issues upon his part, offered evidence to sustain the allegations pleaded in his said answer. This was all the evidence offered."

Upon this state of the case the court rendered the following decree:

"Now at this day come the parties, by attorneys and in person, and each party being ready for trial on the pleadings, and the court, after hearing the testimony for plaintiffs and defendant, and the argument of counsel, finds the facts to be as follows: That on or about the 17th day of January, 1876, the defendant, under and by virtue of a verbal contract, entered into between him and the plaintiff Margaret P. Newham, purchased of one M. C. Huff and wife the real estate described in the petition for and on account of the plaintiff at and for the sum of $230; that by the contract and agreement between the said M. P. Newham and defendant, the deed to said real estate was made to defendant as trustee for the plaintiff, and that said deed has been duly made and recorded in Carroll county, but that said deed does not express said trust; that shortly after said purchase as aforesaid, a further contract and agreement was made and entered into between plaintiff M. P. Newham and the defendant to this effect: That plaintiff M. P. Newham and the defendant would erect and build a two story frame storehouse, of the kind and character mentioned

in the petition, on said lot; that each .party was to bear half of the cost of the building and the defendant to pay one half of the purchase money for said lot, and each to be and become equal owners of said house and lot. The plaintiff M. P. Newham, in the summer and fall of 1876, built and erected said storehouse at a cost of $800 ; that defendant Kenton furnished labor and material for said building to the amount of $100 only; that plaintiff has held and occupied said building from sometime in the fall of 1876 up to.the present time; that defendant has failed and refused to carry out said contract either by executing a deed to plaintiff for an undivided half of said lot or by paying his half of the balance of the cost of said building; and that the balance due from defendant to plaintiff M. P. Newham on half the cost of lot and building, after a full settlement of lot and house transaction, is the sum of $339 up to date. It is, therefore, ordered, adjudged and decreed by the court that the said defendant, Thomas Kenton, execute and deliver to plaintiff a good and sufficient deed conveying to said plaintiff, Margaret P. Newham, an undivided one half of said real estate, to-wit : Twenty-five feet off the south end of lots numbered 9, 10, 11 and 12, in block number 16, in the town of Norborne, Carroll county, Missouri, and that, in default of the execution of said deed, all the right and title of the defendant, Thomas Kenton, in and to said undivided one half of said real estate be divested, and vested in plaintiff Margaret P. Newham. And it is further ordered and adjudged that plaintiff, M. P. Newham, have and recover of the defendant, Thomas Kenton, judgment for the sum of $339, together with the costs of this suit, which are taxed, at the sum of $———, and that execution issue therefor."

From this decree, after an ineffectual motion for a new trial and in arrest, the defendant has appealed. The question to be decided is, as to the propriety and right of this decree.

It was ever the rule in equity to set out with particu-

larity and the utmost circumspection as to truth, the facts forming the gravamen of the complaint. The bill being addressed to "the forum of conscience," the whole facts should be disclosed that the chancellor might *ex aequo et bono* make decree. The code of practice applicable alike to actions at law and in equity requires "a plain and concise statement of facts constituting the cause of action." The facts thus stated constitute the cause of action and none other. It is a great misapprehension to suppose that one cause of action can be stated in a bill in equity, and by some sort of comprehensive flexibility of chancery jurisdiction relief can be administered growing out of a state of facts not embraced within the facts pleaded.

The rule that under the general prayer for relief a party may have any relief to which he may show himself entitled, is limited to relief founded on and consistent with the facts set out in the bill, and not such as may be proven at the hearing. *McNair v. Biddle*, 8 Mo. 257; *Wilkin v. Wilkin*, 1 John. Ch. 111. So Napton, J., in *Mead v. Knox*, 12 Mo. 287, said: "It is not denied that a court may grant, under the prayer for general relief, a relief different from the specific relief sought; but the decree must be warranted by the allegations and proofs. The testimony of Mead (the witness) put a new face upon the transaction—and if there was a fraudulent combination between him and the defendant, it was proper that the bill should be modified to suit this altered state of things, but this was not asked, and the least which the court could do was to dismiss the bill without prejudice." In *Duncan v. Fisher*, 18 Mo. 404, Gamble, J., aptly said: "The change made in our practice does not relieve the parties from the necessity of establishing by evidence the case made in their respective pleadings, or authorize a verdict on evidence which shows a different right of recovery." In *Irwin v. Chiles*, 28 Mo. 576, 578, Richardson, J., declared that "a party is not entitled to a judgment on a finding of facts different from any theory of the case set up in the petition or answer." In *Harris v. Rail-*

*road Co.*, 37 Mo. 310, Wagner J., with emphasis, said: "The statute permits a party to amend his petition after his evidence has been given, to make it conform to the proofs; but no such thing was attempted in this case. It then presents the singular spectacle of declaring for one cause of action and obtaining judgment for another and different cause. Such a course of procedure is destructive of all certainty in pleading, and can neither be tolerated nor encouraged."

Now, what was the issue tendered by the petition and answer in the case at bar? It was simply and singly whether the plaintiff furnished the purchase money for the lot in question under the arrangement alleged, that defendant should receive the title in trust, and whether he had violated his obligation in that respect to convey to plaintiff. The evidence offered, so recites the bill of exceptions, tended to maintain the issues respectively made. And yet on this state of the pleadings and proofs the court made the decree herein quoted. The decree is based on a new and supplemental contract not embraced nor in the remotest degree referred to in the petition. Such a decree cannot be defended either on authority or principle. In principle it is little, if at all, distinguishable from *White v. Rush*, 58 Mo. 105, which was an action of ejectment. The answer put in issue the validity of the title under which plaintiff claimed, because there was no notice of the sale under the deed of trust through which the title came. Issue was taken on this new matter. The court was not content with finding the issues for defendant, but went further and adjusted the equities between the parties touching taxes, etc., which had accrued on the land, and rendered judgment for them. This court held there was nothing in the pleadings justifying the judgment, and it was, therefore, error.

How the evidence, on which the decree under review purports to be based, got before the court, is not apparent. It was not competent under the general denial for the defendant to introduce it. It was not an issue within the

allegations of the petition; and as it was predicated on a state of facts supervenient, they constituted new matter which the defendant could avail himself of only by pleading them specifically in the answer. *Greenway v. James*, 34 Mo. 328; *Northrup v. Miss. V. Ins. Co.*, 47 Mo. 443, 444. If they were developed in the progress of the trial, and either party wished to avail himself of them, an application should have been made to the court for leave to amend. To the bill thus amended the defendant would have the right to plead, and quite possibly other and important questions of law might arise thereon.

Respondents' counsel suggest that the appellant ought not to complain of the error, as under the decree he obtains a half interest in the lot and improvements. But the court, whilst leaving in him an undivided interest in the property, went further, and rendered a judgment *in personam* against him for $339. In other words, under a petition to impress the legal title to this property in defendant with a trust and to divest the legal title and vest it in the *cestui que trust*, the court, against his prayer and will, decreed that defendant have half the title, but required him to pay plaintiff a money consideration therefor recoverable from his estate generally. This is a marked exhibition of the expansive powers of a court of equity; and I fear would be a dangerous precedent to establish. It would certainly be a case of "first impression," which would evince some unjudicial temerity to venture.

The judgment of the circuit court is reversed and the cause is remanded. All concur.