Ross *et al.* v. Ross, *Plaintiff in Error.*

1. **Practice:** PLEADING: JUDGMENT. A judgment should be responsive to the issues presented in the pleadings, and where it is not, it should be reversed.

   Where the petition alleged that the grantor in a deed was of unsound mind at the time of its execution, and that the deed was obtained by the fraud and undue influence of the grantee, and asked that it might be cancelled and annulled, and the answer denied the allegations of the petition, and averred that the deed was obtained for a valuable consideration, it was error for the court to hold the deed valid as a mortgage and decree the sale of the land.

2. ———: ———: AMENDMENT. Where the petition asked for the cancellation of a warranty deed because of unsoundness of mind of the grantor, and fraud on the part of the grantee, and after the submission of the cause to the court the petition was amended by inserting the words, " and was intended to be a mortgage or security

for debts already paid" for the grantor, the amendment should have been more specific, if it was intended by plaintiff to treat the deed as a valid mortgage, and the defendant should have tried to meet the issues thus tendered.

*Appeal from Cape Girardeau Circuit Court.*—HON. J. D. FOSTER, Judge.

REVERSED.

*R. B. Oliver* and *R. H. Whitelaw* for plaintiff in error.

There was no evidence to show that Sada Ross was of unsound mind, or that defendant was guilty of any fraud or exercised any undue influence over her at the time of the execution of the deed. The evidence offered by plaintiffs to show that the deed was intended as a mortgage, was inadmissible, because there was no allegation in the petition to authorize it. The evidence must correspond with and sustain the allegations of the petition, and testimony as to facts collateral to the issues is inadmissible. *State v. Roberts*, 62 Mo. 388; *Buffington v. Railroad Co.*, 64 Mo. 246; *Huston v. Forsythe*, 56 Mo. 416; *Lester v. Railroad Co.*, 60 Mo. 265. The amendment to the petition, after the cause was submitted to the court, should not have been allowed. *Lumpkins v. Collier*, 69 Mo. 170; *Clements v. Yeates*, 69 Mo. 623, and cases cited; *Cox v. Esteb*, 68 Mo. 110. The deed offered shows the land to be in range 13, while the allegation in the petition places it in range 12. This is a fatal variance. The judgment cannot stand. It is not responsive to the issues made at the trial. *White v. Rush*, 58 Mo. 105; *Cox v. Esteb*, 68 Mo. 110.

*Linus Sanford* and *W. H. Miller* for defendants in error.

The petition states a cause of action, charging fraud in obtaining the deed, want of capacity on the part of Mrs. Ross to contract, and undue influence exercised over her

by Marion; and want of consideration in the deed. *Cadwalader v. West*, 48 Mo. 483, and cases there cited; *Garvin v. Williams*, 44 Mo. 465; *McClure v. Lewis*, 72 Mo. 314. The evidence at the trial sustains the allegations of the petition, and the plaintiffs below are entitled to the relief asked. *Cadwalader v. West, supra.* The plaintiffs in error cannot urge any objection to the admission of improper testimony in the court below. His motion for a new trial does not call the attention of the court to any error of this kind. This fourth reason first appears in the motion as copied in his brief. *Saxton v. Allen,* 49 Mo. 417. The amendment to plaintiffs' petition was not such as to mislead appellant, and was unnecessary.

NORTON, J.—This suit was commenced in the circuit court of Cape Girardeau county, on the following petition:

Plaintiffs say that Sada Ross departed this life in Cape Girardeau county, Missouri, on the —— day of ——, 1879, intestate. That said Sada left as heirs, children as follows: Mrs. W. H. Campbell, Zenas N. Ross, James H. Ross, Nancy C. Ross married to William Hitt, Sarah J. Ross married to B. H. Newell, D. L. Ross married to George N. Mefford, and this defendant Jasper M. Ross, entitled to her estate. That prior to her death she was the owner in fee simple of the following described real estate, situated in Cape Girardeau county: The southeast quarter of the southwest quarter, and the west half of the northeast quarter of the southwest quarter of section 21, in township 33, north of range 12, east, containing sixty acres. That for five years prior to the death of Sada Ross, the said Sada was not of sound mind, but on the contrary, was of unsound mind, and wholy incapable of making a contract, or of transacting any business. That the said Jasper M. Ross, the defendant, did on the 11th day of April, 1877, and while the said Sada Ross was not of sound mind, fraudulently and by undue influences, obtain from said Sada Ross a warranty deed for the above described real estate, which

said deed was executed and delivered without any consideration, [*and was intended to be a mortgage or security for debts already paid for said Sada*] and the said Jasper has caused the said deed to be placed on record in the recorder's office of said county, in book No. 10, at page No. 216, a certified copy of which is hereby attached, marked Exhibit (A). That the said deed is a cloud upon plaintiffs' title. Wherefore plaintiffs pray the court to take and hear the testimony in this case, and to set aside, cancel and annul said deed, and to compel the said defendant to account for the rents and profits accruing from said premises, and to deliver to plaintiffs the possession thereof, and for such other and further relief as may be just and proper.

The answer of defendant denies the allegations of the petition as to the unsoundness of mind of Sada Ross, and all fraud or undue influence in the procurement of the deed, and avers that it was obtained on a valuable consideration.

It appears from the record before us, that after all the evidence was heard, the cause was submitted to the court, and by it taken under advisement, and that five days thereafter, the court allowed the plaintiff, over the objection of defendant, to amend the petition by inserting the words "and was intended as a mortgage or security for debts already paid for Sada," which words are italicised, and included in brackets, in the petition herein set forth. After this amendment was made the court entered up judgment, holding that the said deed was valid as a mortgage, decreed the sale of the land, directed $300 of the proceeds to be paid defendant, and the remainder to be divided between plaintiffs and defendant, share and share alike.

In view of the cause of action stated in the petition, even after its amendment as above, we are unable to perceive on what principle the judgment and decree rendered, can be maintained. The petition attacks the validity of the deed, whether it be considered as an absolute deed, or only intended to be a mortgage, on the ground that Sada Ross, the grantor, was of unsound mind, and incapable of

contracting at the time it was executed, and the further ground that its execution was obtained by the fraud and undue influence of defendant.

These were the issues tendered by plaintiffs and accepted by defendant. If the deed, whether intended as a mortgage or an absolute conveyance, was either executed by Mrs. Ross when she was of unsound mind and incapable of contracting, or by the fraud and undue influence of defendant then it was void, and should have been so declared, as prayed for in the petition. If it was not so obtained, and Mrs. Ross was not of unsound mind, then it possessed validity, and the issue should have been found for defendant. This the court virtually found, for it must have based the decree it rendered on the ground that the deed was valid as a mortgage, that is, that Mrs. Ross had the capacity to make it, and that it was not obtained from her by the fraud or undue influence of defendant. After having thus, in effect, found the issues in the case for defendant, instead of entering up judgment for him, the court proceeded to foreclose the deed, treating it as a mortgage, and directed the sale of the land, although plaintiffs in their petition, asked for the cancellation of the deed, on the grounds stated in the petition, and did not ask, either to redeem, or for a foreclosure. For the reason that the judgment is not responsive to the issues presented in the pleadings, under the ruling of this court, in the case of *Newham v. Kenton,* 79 Mo. 382, where the authorities bearing on this question are cited, the judgment will be reversed. See also, *White v. Rush,* 58 Mo. 105; *Cox v. Esteb,* 68 Mo. 110; *Baldwin v. Whaley,* 78 Mo. 186.

If, by the amendment authorized by the court, it was the intention of plaintiffs to treat the deed as a valid mortgage, which they wished to redeem, or have foreclosed in the event of defendant's refusal to allow them to redeem, it should have been more specific, and when made so the defend-

ant ought to have tried to meet the issue thus tendered. *Newham v. Kenton, supra.*

Judgment reversed and cause remanded.    All concur.