Reed v. Bott.

---

REED v. BOTT *et al.*, *Appellants*.

1. **Fraudulent Conveyance:** PLEADING. The facts constituting the fraud should be set out in a petition to set aside a conveyance because made to defraud creditors.

2. **Pleading:** VARIANCE. The plaintiff cannot state one cause of action in his petition and recover upon another.

3. ——: RELIEF. He may, however, under the practice act have other and different relief from that prayed for, but the decree, which is awarded him, must be warranted both by facts stated in the petition and by the evidence.

4. **Equity Practice:** ISSUES : JURY. Where equity cases are tried before a jury, proper issues should be framed.

*Appeal from Scotland Circuit Court.*—HON. B. E. TURNER, Judge.

REVERSED AND REMANDED.

*W. L. Berkheimer* with *N. F. Givans* for appellants.

(1) All of the evidence of the plaintiff was introduced upon the hypothesis and for the purpose of showing that John A. Bott purchased the lands, paid for them with his own money, that the title bond was made to him, that he was the obligee therein, that the name inserted therein was the name of the defendant, John A. Bott, and not the name of his father, John Bott, that

the note was the note of John A. Bott, the defendant, and not the note of his father, John Bott, that the defendant, John A. Bott, paid the note and not his father, John Bott. The petition alleges the same and all of the evidence of the plaintiff was directed to the proof of these allegations. Yet the court in the face of all of this gave the instructions asked by the plaintiff contradicting and inconsistent with all of the allegations of the petition. It was not only a failure of proof, but contradictory of the proof. A party cannot make one case by his pleadings and recover on a different state of facts. *Russell v. Whitley*, 59 Mo. 196; *Wolf v. Walter*, 56 Mo. 292; *McKnight v. Bright*, 2 Mo. 110; *Moore v. McColloch*, 5 Mo. 141. The recovery must be pursuant to the allegations in the petition. (2) Even admitting that John A. Bott was actuated by a fraudulent intent, there is no evidence of any knowledge on the part of Mary E. Bott or of any participation therein by her which must be shown if plaintiffs rely on fraudulent acts as fraud in fact. *Durkee v. Chambers*, 57 Mo. 575; *Henderson v. Henderson*, 55 Mo. 534; *Ames v. Gilmore*, 59 Mo. 537.

*J. A. Whiteside* and *Frank Hagerman* for respondent.

(1) The land in controversy not being paid for by the separate estate of Mary E. Bott belonged to John A. Bott and therefore passed by the sale under the judgment against him. *Conrad v. Howard*, 89 Mo. 217; *Alexander v. Lydick*, 80 Mo. 341; *McCoy v. Hyatt*, 80 Mo. 130; *McFerran v. Kinney*, 22 Mo. App. 554; *Blair v. Railroad*, 89 Mo. 383. Where a wife acquires property the rule is that the burden is, under all circumstances, upon her to clearly prove that she made the purchase with her separate means. *Sloan v. Torrey*, 78 Mo. 625; *Weil v. Simmons*, 66 Mo. 617; *Plummer v. Frost*, 81 Mo. 425; *McFerran v. Kinney*, 22 Mo. App.

554; *Seitz v. Mitchell*, 94 U. S. 580. (2) Upon the undisputed facts the transaction was fraudulent as a matter of law. *Glidden v. Taylor*, 16 Ohio St. 509; *Bank v. Harvey*, 16 Ia. 141; *Laing v. Cunningham*, 17 Ia. 510; *Seitz v. Mitchell*, 94 U. S. 580; 20 N. J. Eq. 13. (3) The conveyance must be fraudulent as a matter of fact.

BLACK, J.—This is a suit in equity against John A. Bott and his wife, Mary E., to have a deed for seventy-three acres of land to her declared fraudulent, and to vest the title in the plaintiff.

The plaintiff purchased the property in 1885, under a judgment in favor of Max. Yesner against John A. Bott, rendered in March, 1884, on a note dated in March, 1882. The defendants appealed from a decree in favor of the plaintiff.

The first objection made by defendants is that the proof does not support the cause of action stated in the petition. The petition states that on the —— day of ——, 1881, defendant John A. Bott purchased of L. K. and Nancy Wilcox the following real estate: (describing it); that on the —— day of September, 1884, John A. Bott paid the balance of the purchase price for the land, and, for the purpose of defrauding his creditors, instructed Wilcox and wife to execute a deed to Mary E. Bott, the wife of said John A. Bott; that the deed was made to her, the defendant, John A. Bott, intending thereby to defraud his creditors. The petition goes on to say: That on the thirtieth day of September, 1881, John A. Bott made a contract of purchase of the land, receiving a bond for a deed in the name of John Bott, which was, in fact, the true name of defendant, John A. Bott, and not the name of his father, whereby Nancy L. Wilcox and her husband bound themselves, upon the payment of three hundred and seventy-five dollars, in three years from the date

thereof, with interest at the rate of eight per cent. per annum, to convey said lands to John A. Bott. Afterwards, on the —— day of ——, 1884, said Nancy Wilcox and her husband made and executed a warranty deed to Mary E. Bott, and, afterwards, on the —— day of ——, 1885, they made a second deed to Mary E. Bott. And plaintiff shows that said property, in fact, belonged to J. A. Bott, and he, for the purpose (Mary E. Bott participating therein) of hindering, cheating, defrauding and delaying his creditors, purchased the same, paid for it, and caused the deed to be made to his said wife, etc.

The proof shows beyond all question that the bond for the title was made by Wilcox and wife to John Bott, who was the father of John A. Bott. John Bott says he made the first payment to Wilcox, namely, three hundred and fifty dollars, and this statement is not controverted. He also executed his note for the deferred payment of three hundred and seventy-five dollars, and when it became due he paid it, and had the deed made to Mrs. John A. Bott. The first deed to her was made in California, and was defective, if not worthless, and the second was made in correction of the first.

Prior to 1881, John A. Bott was engaged in a mercantile business, and, in that year, his property was damaged by fire. He then compromised with his existing creditors and went to the state of Texas. He returned to this state in one or two years; and Mr. Sisson, who was the father of Mrs. John A. Bott, conveyed to her some two hundred acres of his home farm, reserving a life-estate therein. In March, 1883, Mr. Sisson leased his life-estate to John A. Bott at a small rental, the lessor to live on the farm with his daughter and her husband. John A. Bott and his wife moved to this farm and carried on a farming business until November, 1884, in the name of the wife. John Bott, father of John A. Bott, says he furnished Mrs. John A. Bott money to buy farming machinery, and

agreed to let her have the Wilcox seventy-three acres of land at the price which he had agreed to pay for it, expecting to be repaid the money advanced and for the land out of the proceeds of the farm. There is still due him at least four hundred dollars. He had the Wilcox deed made to her, as he had agreed to let her have the land. The plaintiff insists that John A. Bott was insolvent, and that he carried on this farm in the name of his wife to defraud his creditors, and that the payments made to John Bott were made from the proceeds of the labor of John A. Bott, and that in equity the land conveyed to Mrs. Bott belonged to her husband, and was subject to his debts.

Now, by reference to the petition, it will be seen that it proceeds on the theory that John A. Bott purchased the land from Wilcox and wife; that he made the first payment to them; that he was the obligee in the bond, and that he made the last payment to them from his own means. The proof does not support any of these allegations. The land was purchased and paid for by John Bott. If there is any fraud in the case, it is in the transaction by which the land was acquired from John Bott, and in the methods by which payments were made to him. This transaction is not set up in the petition at all. The petition is so framed as to exclude the idea that there ever was any such transaction. It is insisted, however, that all these averments, which are not proved, may be disregarded, and that the decree can stand on the allegation that "the property in fact belonged to defendant John A. Bott." This averment is but the pleader's conclusion from the statements before made.

A general allegation of fraud is not sufficient; the facts constituting the fraud should be set out and detailed in the petition. Bliss on Code Plead. [2 Ed.] sec. 211; *Smith v. Sims*, 77 Mo. 269.

The plaintiff cannot state one cause of action in the petition and recover upon another. Under the practice

act, he may have other and different relief from that
prayed for; but the decree which is awarded him must
be warranted both by facts stated in the petition and by
the proof. *Newham v. Kenton*, 79 Mo. 382; *Baldwin v.
Whaley*, 78 Mo. 186; *Ross v. Ross*, 81 Mo. 84. As
before stated, if there is any fraud, in fact or in law, in
the case, it is in the transaction by which the property
was acquired from John Bott, and the circumstances in
respect thereto should be set out. The practice act is
liberal in allowing amendments, and the pleadings and
proof should be made to correspond.

In remanding this cause, we suggest that, if it be
again tried before a jury, issues be framed. It is quite
out of the question to satisfactorily review a case where
it has been tried in disregard of established rules of
procedure. On the present state of the pleadings, we
shall not attempt to pass upon the case presented by
the evidence. The judgment is reversed and the cause
remanded. RAY, C. J., absent; BARCLAY, J., dissents;
the other judges concur.

BARCLAY, J. (*dissenting*).—With the greatest
respect for the views expressed in the opinion of the
court in this cause, they yet seem to me to fall short of
being convincing. The point on which the result is found
to turn is one of pleading. It is ruled by the majority
of the court that a general allegation of fraud is not suf-
ficient in such a case as this, to support a finding, after
a trial of that issue and a decree thereon in the circuit
court. This ruling necessarily involves the general con-
struction to be placed upon our statute of amendments
(R. S. 1879, ch. 59, art. 6), and seems to me of such
importance as justifies a brief expression of the reasons
for my dissent from the conclusion reached by my
brethren.

It is declared by section 3569 of that chapter (R. S.
1879) that "the court shall, in every stage of the action,

disregard any error or defect in the pleadings or pro-
ceedings which shall not affect the substantial rights of
the adverse party; and no judgment shall be reversed or
affected by reason of such error or defect."

Now it seems to me that, though a general allega-
tion of fraud in a petition might properly be challenged,
by timely motion, as too vague to inform the adverse
party of the precise nature of the case to be met, it
ought to be regarded by the courts as sufficient, after
verdict, where the adverse party has put it in issue and
has treated it at the trial as amply informative for him.
In the case before us the defendants (now making the
objection in question here) submitted evidence on the
issue of fraud and the court at their instance gave sev-
eral instructions presenting various phases of the facts
to the jury with special reference to that issue. It
appears to me that, in such state of the record, the
generality of the allegation of fraud, assuming it defect-
ive, could not have materially affected "the substantial
rights" of the defendants upon the merits, and should,
therefore, be viewed now as sufficient for the purposes
of this case. While it is true, as a general proposition,
that the pleadings must definitely outline the issues in
each case, it is also undeniable that, in many instances,
the action of the parties in the conduct of a civil action
in the trial court may supply omissions or cure defects
of that nature. Thus in a recent case where the circuit
court during a trial gave leave to amend the petition,
introducing a new party plaintiff, but the amendment
was not actually made, though the trial proceeded as if
it had been, this court held that there was no error in
the omission and construed the record as though the
amendment had been formerly filed. *Merrill v. City of
St. Louis* (1884), 83 Mo. 244. A like view was expressed
in *Young v. Glascock* (1883), 79 Mo. 574, involving the
same principle applied in the *Merrill case.*

It has also been repeatedly ruled by this court that
where a reply is necessary, to put in issue affirmative

Heidelberg v. St. Francois Co.

new matter in the answer, its omission will not be ground of reversal where the parties have tried the case as though a reply were on file, ignoring its absence. *Howell v. Reynolds Co.* (1872), 51 Mo. 154; *Smith v. City of St. Joseph* (1870), 45 Mo. 449; *Heath v. Goslin* (1883), 80 Mo. 310.

We further find that in actions at law, as distinguished from suits involving equitable rights, it has been frequently declared that a general allegation of fraud is sufficient to support a verdict. *Montgomery v. Tipton* (1824), 1 Mo. 446; *Pemberton v. Staples* (1839), 6 Mo. 59; *Edgell v. Sigerson* (1855), 20 Mo. 495; *Fox v. Webster* (1870), 46 Mo. 181.

It seems to me that that rule should be applicable to proceedings such as that now before us, at least when the issue of fraud has been met and submitted in the trial court by the party who, on appeal, seeks to assert that it was not raised by a sufficiently specific allegation of facts in the first instance. The case appears to me to fall within the control of the principle that parties are bound on appeal by the positions taken by them in the trial court.

Therefore my dissent is respectfully entered to the conclusion announced by my able associates.