### KIMBER v. YOUNG.

#### (Circuit Court of Appeals, Eighth Circuit. November 5, 1907.)

#### No. 2,520.

1. FRAUD—ACTION FOR DECEIT—GROUNDS.

An action for fraud and deceit must be predicated on existing facts and not of matters possible to arise, and the plaintiff's pleading must allege that the representations were false and that plaintiff was misled thereby to his injury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fraud, §§ 37, 40, 41.]

2. SAME—FALSE REPRESENTATIONS—NATURE.

Allegations in the complaint in an action for fraud and deceit that plaintiff was induced to buy certain bonds of a corporation by false representations are not supported by a letter, written by defendant to plaintiff, in which he gave her the numbers of the bonds to be sold, stated that the bond issue was arranged so that one-tenth would fall due each year and the maturity of each bond was stated on its face, that the bonds offered came in before those owned by defendant and his associates, and that, "indeed, you may be said to hold the preferred place on the list"; the only representation made which could in any event be actionable being that as to the preferential character of the bonds offered, which, construed in the light of the other statements, clearly meant no more than that they matured before those bearing higher numbers in the series, and

which was not shown to be untrue, there being no allegation in respect to any bonds owned by defendant and his associates.

3. SAME—CONSTRUCTION OF WRITING.

Where no other means were employed to induce a plaintiff to accept a proposition for a sale of bonds than the language contained in a writing, plaintiff cannot be heard to say that, because of his or her inaptness in comprehending on examination the ordinary import and common acceptation of the terms employed, they must be made to mean more or other than what they express.

4. SAME—EVIDENCE—RELEVANCY TO ISSUES.

Where the complaint in an action for fraud and deceit alleged that the representations made were in writing and made to plaintiff, oral statements made by defendant to a third person are not admissible in support of such complaint.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fraud, §§ 44, 45.]

In Error to the Circuit Court of the United States for the District of Colorado.

C. S. Thomas (W. H. Bryant and William P. Malburn, on the brief), for plaintiff in error.

Daniel Sayer, for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

PHILIPS, District Judge. The substance of the petition in this case appears in the statement of facts made in Kimber v. Young, 137 Fed. 745, 70 C. C. A. 178, when this case was before this court on writ of error to review the judgment of the Circuit Court in sustaining a demurrer to the petition. After the case was remanded to the Circuit Court, with directions to overrule the demurrer to the first count and to permit the defendant to answer, he made answer putting in issue the material allegations of the petition respecting the charges of fraud and deceit. On trial to a jury at the close of the plaintiff's evidence the court directed a verdict for the defendant. To have this action of the court reviewed the plaintiff brought the case here on writ of error.

In respect of the false representations alleged in the first count of the petition to have been made by the defendant, Judge Hook, who wrote the majority opinion of the court in the case, supra, said:

"It is also charged that defendant represented that other persons had agreed to accept some of the bonds in part payment of mining property sold by them to the company, that the bonds offered to the plaintiff would come in before those held by defendant and his associates, and that as to such bonds she would occupy a preferred place among the bondholders. These representations were material, and were well calculated to induce the plaintiff to accept the bonds. There is no reference in the complaint to any recitals of the bonds themselves which would impugn her averment that, aside from the misrepresentations of defendant, she was wholly without knowledge or means of acquiring the same. In respect of these representations a cause of action is stated in the first count of the complaint, and the demurrer thereto should have been overruled. But it should be said that if, upon the trial, it is found that the alleged representation of priority of the plaintiff's bonds was merely that they would be paid at maturity, and would therefore be out of the way before those succeeding installments would mature—a priority in time of payment rather than of lien or obligation—it would be merely promissory in character, and not actionable."

If the facts developed on the trial are, in legal effect, the same as charged in the petition, the ruling of this court on the demurrer would be the law of the case made. The portion of the petition so construed is as follows:

"That the said bonds offered to this plaintiff were due absolutely July 1, 1901, and that the bonds offered to plaintiff would come in before those of the defendant and his associates, that plaintiff would, hold a preferred place on the list, that plaintiff might depend upon the coupons being promptly met, and that she would be honorably dealt with in every respect. That the said defendant further stated and represented, * * * that he knew the bonds offered to the plaintiff to be good," etc.

The petition counted on written statements claimed to have been made to her by the defendant. The proof at the trial rested upon a letter written by the defendant, of date June 27, 1899, the material statement of which pertaining to the question now to be decided is as follows:

"I gave Ben a sample bond to send you, and explained to him fully all about the security. The bond issue is arranged so that one-tenth of the whole falls due each year, and, the maturity of each bond is stated on its face. This is all in the hands of the trust company, and the provisions and recitals of all the bonds must be met, whether we will or not. The numbers of the bonds given Ben are No. 114 to No. 150, both inclusive, and they are all two-year bonds, due absolutely July 1, 1901, while we have the option of paying them before that date, should we be in shape to do so. Whatever bonds I or my associates (who put up the money) hold come in after yours. Indeed, you may be said to hold the preferred place on the list. The coupons on these (due 1st January and 1st July), you may depend upon it, will be promptly met, and you will be honorably dealt with in every respect."

It is thus manifested that the proof is materially different from the version given in the petition. The plaintiff was distinctly advised by this letter that the bonds issued were arranged so that one-tenth of the whole would fall due each year, and that the maturing period was stated on their face. She was further advised that all this (the bonds we presume) was in the hands of the trust company, and that the conditions as expressed on the face of the bonds would have to be met, nolens volens. This was coupled with the information that the bonds the plaintiff would get were numbered from 114 to 150, inclusive, and that they would mature absolutely July 1, 1901. Thus she was advised that in their numerical order there were 113 bonds preceding hers, the time of the maturity of which appeared on their face. She was, therefore, further advised that there was nothing on the face of the bonds indicating that they were preferential in character over the antecedent numbers. Of the statement that "whatever bonds I or my associates (who put up the money) hold come in after yours" it is sufficient to say that there is no allegation in the petition that in fact the defendant and his associates held any such bonds; nor is it alleged that the statement, if it had been in its terms an affirmation of the fact, was in fact false, followed with the appropriate ad damnum clause. Concededly this action is one for fraud and deceit. As such it must be predicated upon existing facts, and not of matters possibly to arise. The representation made must be alleged to have been false, and that the party to whom it was made was misled thereby, to her injury. "Relief can no more be administered upon facts proved

but not alleged than upon facts alleged but not proved." Phelps v. Elliott (C. C.) 35 Fed. 461; Newham v. Kenton, 79 Mo. 382–385; Harrison v. Nixon, 9 Pet. 503, 9 L. Ed. 201; Boone v. Chiles, 10 Pet. 209, 9 L. Ed. 388.; Reed v. Bott, 100 Mo. 66, 12 S. W. 347, 14 S. W. 1089; Hoester v. Sammelmann, 101 Mo. 619, 14 S. W. 728; Cella v. Brown, 144 Fed. 754, 75 C. C. A. 608.

The plaintiff's ground of relief is, therefore, reduced to the statement contained in the letter that "indeed, you may be said to hold the preferred place on the list." Taken in its connection, can this be held to amount in law to a positive, or even implied, assurance that the bonds from 114 to 150 were preferential in character? It is apparent from her testimony that the plaintiff is a woman of unusual intelligence, keenly appreciative of the import of business terms, and that she was especially alive in giving her testimony to keep prominent the essential qualities of a cause based on fraudulent representations and deceit. Clearly enough the statement last above quoted, taken in its connection, amounted to nothing more than the expression of a mere opinion, drawn from the data furnished the plaintiff in the letter, that it might be said she would hold the preferential place on the list. She was plainly enough advised, by the terms of the bonds, that they were a part of a series maturing at given dates, all of which would have to be paid according to the "letter of the bond." Inasmuch as they were expected to be paid as they matured, she would hold the preferential place as to after-maturing bonds, for her bonds would be paid before succeeding installments would become due.

No one can be heard to say that, because of his or her inaptness in comprehending on examination the ordinary import and common acceptation of the terms employed in a written proposal, they must be made to mean more or other than what they express. This must be so held where no other means were employed to induce the acceptance of the proposition than the language contained in the writing. The petition does not even aver that the plaintiff's bonds were not preferential as to other bonds, whereby damage resulted to her. The averment in this respect is simply that when the bonds matured and were presented payment was refused, whereupon she instituted an action in the proper court for the collection of the same against the company, which resisted payment through the defendant acting in its behalf; that the bonds had not only been dishonored by the company, but they were in fact at maturity of no value; and that she was unable to collect the same or any part thereof. The proof at the trial showed that when the bonds matured she did bring action and obtained judgment, but had been unable to collect the same because of the insolvency of the company. Resort to an action against the defendant, predicated upon fraud and deceit, would seem to be an afterthought. Unless her failure to collect resulted from the fact that the defendant represented in the letter that she "may be said to hold the preferred place on the list," this statement is quite immaterial. As already suggested, our conclusion is that the reasonable and natural construction to be placed upon the letter is that the representation as to priority of the plaintiff's bonds amounted to nothing more than that they would be paid promptly at

maturity and be out of the way before succeeding installments became due.

Error is assigned of the action of the court in excluding the statement, made in the deposition of Ben Kimber, to the effect that in his conversation with the defendant, who sought his assistance in inducing his mother, the plaintiff, to accept the bonds, he stated, in effect, that the bonds were perfectly good, and in all probability they would be taken up within three or four months. In the first place, the petition throughout alleges that the representations made to her by the defendant were in writing, and as above stated these representations were predicated of said letter written to her by the defendant. This did not admit of oral statements which the defendant may have made to a third party. Both he and his mother disclaimed in their depositions that he was acting as agent for her in the transaction. Furthermore, their testimony does not claim that said alleged statement was communicated to her before she accepted the bonds. And, even if the statement had been communicated to her, it would not constitute a proper predicate for the action of fraud and deceit under the first count of the petition. If it amounted to anything, it would only be of the character of a warranty, on which the second count of the petition was based, which was held by this court, when the case was here on demurrer, to be an insufficient ground of action.

It results that the judgment of the Circuit Court must be affirmed.