THE BANK OF KENTUCKY, *et al.*, Defendants in Error, *vs.* JOHN B. POYNTZ, *et als.*, Plaintiffs in Error.

1. *Equity suit to remove trustees and set aside sale made by them of land—Decree ordering payment of balance of purchase money—Vendor's. lien.*—The creditors of an insolvent debtor brought suit in this State to set aside the sale of his Missouri lands, made by his trustees, and to remove the trustees, charging unfitness and unfaithfulness on his part, and fraud in the sale. The court ordered their removal and the appointment of the county sheriff in their stead, but confirmed the sale. Prior to this proceeding, the creditors had sued the trustees in Kentucky, where all the parties resided, but the action was undetermined. *Held*, that although the Missouri Court might. order their removal, so far as their trusteeship here was concerned, it could not, in the above state of case, while this suit in Kentucky was pending, and without any issue authorizing such a decree, direct the purchaser to pay over the unpaid purchase money to the sheriff. If an enforcement of the vendor's lien were needed, in consequence of the inability of the purchaser to pay the amount of the notes, suit might be brought in this State, but must be instituted on the notes.

### Error to Carroll Circuit Court.

*Hale & Eads*, for Plaintiffs in Error.

I. The balance due from Dawson and his notes to the trustees, are tied up by the Kentucky suit, which was brought prior to and not divested of the jurisdiction by the present one. The decree of the court below compels defendant to pay the money, and leaves his notes outstanding, on which he may be again sued.

II. The court finds there was a lien for the unpaid purchase money retained by the terms of the deed, and the trust estate cannot lose the lien. Hence, the court should not go outside of the issues involved in this suit, and order this payment.

III. The court might have restrained defendant from paying this balance to the old trustees, but could do no more.

IV. If the court found that the defendant was a fraudulent grantee, and that the title to the property could not be reached, then the court might take control of any balance unpaid, and hold it for the creditors. But in this case the court expressly found that the sale was fair, and that the balance due is well secured by a lien.

*Ray & Ray*, for Defendants in Error.

I. A judgment in a foreign country touching lands will be held of no validity, while a judgment of the "*forum rei sitæ*" is held absolutely conclusive. (Sto. Confl. of Laws, 735, § 591, 7th ed.)

II. Under the general prayer for relief, the court may grant such relief as is warranted by the allegation and the proofs, and as may be just and equitable. (Holmes vs. Fresh, 9 Mo., 201; Holland vs. Anderson, 38 Mo., 55; McGlothlin vs. Hemery, 44 Mo., 350; Keeton vs. Srpadling, 13 Mo., 322; 1 Sto. Eq., 468, § 439, 4th ed.; McNair vs. Biddle, 8 Mo., 257.) The fact that upon the trial of the issue, between plaintiff and defendant Dawson, in reference to the validity of said sale, the issue was found for said defendant, does not make it inequitable, or preclude the court from securing to the bene-ficiaries, by appropriate order, the balance of the proceeds.

NAPTON, Judge, delivered the opinion of the court.

The only question in this case is as to the propriety of the final decree of the Circuit Court. There is no controversy about the facts and the evidence at the hearing is not therefore preserved in the record.

All the parties, plaintiffs and defendants, are non-residents. About the year 1855, a mercantile house in Kentucky failed in business, and were debtors in a large sum to the plaintiffs and other creditors, and made a deed of trust of all their property, consisting of lands in Missouri, Alabama, Mississippi and other States to two of the defendants named Poyntz,

for the benefit of their creditors, giving said trustees power to sell said lands and apply the proceeds in a mode directed by the deed. About three thousand acres of this land were in Carroll County, Missouri, and the trustees sold and conveyed to Dawson, one of the defendants, about two thousand acres of this land in Carroll County for $10,000, one-half of the purchase money being paid at the date of the sale, and Dawson's notes, payable in one and two years, taken for the remainder.

The object of this petition in the Circuit Court of Carroll County was, to secure these lands in Carroll County that were unsold, to the creditors, and to set aside the sale and deed to Dawson, upon allegations of the general unfitness and unfaithfulness of the trustees.

The trustees were made parties defendant, and served by publication, and an interlocutory decree was made against them, which, however, they subsequently moved to set aside. And this interlocutory decree was set aside, and they were allowed to answer at a time fixed by the court; but there was no answer on their part and the decree was ultimately made final as to them.

Dawson, who had purchased a portion of these lands, filed his answer, denying all the allegations of the bill, so far as they affected his purchase, and the court found in his favor, on the testimony (not reported,) and confirmed his title; but the court in its final decree, displaced the trustees, as had already been done in the interlocutory decree, and ordered Dawson to pay over to the sheriff the balance of the purchase money, and, if he failed to do so at a day specified in the decree, directed the sheriff to sell Dawson's lands and retain the purchase money, subject to the further orders of the court.

It appears from the pleadings—which is all that is before this court,—that a proceeding was pending in Kentucky to remove these trustees, and it was averred in the answer of Dawson that his notes had been garnished in this proceeding. This allegation of garnishment was denied in the replication, but there is no finding of the court on this issue. It is not material,

however, in the view we take of the case, whether such garnishment was made by the plaintiffs in the suit in Kentucky or not.

The court proceeded, in its decree, to enforce a vendor's lien for unpaid purchase money not ascertained by any judgment. The petition asserted that the sale was fraudulent and void, and asked that it be set aside; and the issue on this point was found for defendant Dawson, the purchaser.

It was determined that the sale to Dawson was a valid one. There was nothing in the pleadings to require an investigation into the amount of money due by Dawson at the date of the decree. The notes given were conceded to be in Kentucky, where all the parties lived, and no proceeding on them had ever been instituted in this State. The courts of this State were open to the holders of the notes, and the notes were a lien on the land bought by the maker of them. But the allegations in the petition and the denials in the answer made no issue in regard to these notes. No judgment on them was asked, for the petition alleges them to be fraudulent. Whether they had been garnished in the Kentucky suit, or in whose hands the notes were, does not appear; nor whether any portion of them had been paid.

We are unable to perceive any ground for that portion of the decree which orders Dawson to pay over the money called for by the notes he gave to the trustees, and, on his failure to do so, directing the sheriff to sell Dawson's lands.

The notes were given to the trustees who reside in Kentucky, and who have not been removed from their trust by the court in Kentucky, so far as it appears, and who are subject to the final orders of that court. The court here sanctions the sale made to Dawson, and pronounces it to have been in good faith and valid. That being the case, the creditors who also live in Kentucky and who had, previously to the proceeding here, instituted proceedings there to save themselves, so far as the court of that State could do so, have not asked for any such decree here, nor made any allegation in their petition upon which such a decree could be based. On

the contrary, their petition contains charges totally inconsistent with such an application for such relief; and in truth there was no need of applying here for such relief, as the jurisdiction of the court in Kentucky was ample over the persons and property referred to, to-wit, over Dawson and the notes in the hands of the trustees. True, if an enforcement of the vendor's lien was needed, in consequence of the inability of Dawson or his securities on the notes to pay the amount due, the court in this State must be resorted to. The suit must then be on the notes and payments, and other defences might be made, to which the present proceeding is totally foreign.

The removal of the trustees here, by reason of their default, of course only affects their position as it regards the lands here. They might be allowed to retain their trusteeship by the court in Kentucky, or others in that State may replace them to whom the notes in question will be handed over.

As the Kentucky trustees were removed, so far as the lands here are concerned, and the sheriff substituted in their stead, that part of the decree which directed the sheriff to dispose of the unsold lands and retain the proceeds, subject to the order of the court, was unobjectionable.

The case will be remanded for the Circuit Court to modify the decree in conformity to this opinion.

Judgment reversed and case remanded. The other judges concur, except Judge Sherwood, who is absent.