Baldwin, *Appellant,* v. Whaley.

**Practice:** DECREE: VENDOR'S LIEN. A decree should be in conformity with the pleadings and evidence in the cause.

In·a suit to enforce a vendor's lien, fraud on the part of the plaintiff inducing the purchase, was set up in the answer, which prayed the rescission of the contract, the sale of the land and the application of the proceeds to the re-imbursement of defendant for such part of the purchase money and of the taxes as he had paid The issues of fraud and consequent damages were submitted to a jury who found for defendant, and assessed the damages. The court thereupon entered a decree for the satisfaction of defendant's note for the unpaid purchase money, that plaintiff retain the moneys received by him, that defendant retain possession of the land, and that the title to the same be vested in him. *Held,* that such decree should not be permitted to stand.

*Appeal from Platte Circuit Court.*—Hon. Silas Woodson, Special Judge.

Reversed.

*Anderson & Carmack* and *Doniphan & Reed* for appellant.

*J. E. Merryman* and *J. F. Merryman* for respondents.

Hough, C. J.—The plaintiff sued to enforce a vendor's lien for the unpaid purchase money for a certain tract of land sold by him to the defendants, in November, 1866, and for which he had executed to them a bond for title. The defendants, who are husband and wife, set up in their answers that they were induced to purchase said land through false and fraudulent representations of the plaintiff as to the value thereof and by means of undue influence exer·· cised by the plaintiff over them, the defendants, who were at the time of said purchase free persons of color, the de-· fendant, Presley Whaley, having been the slave of the plaintiff until the year 1861. They also set up the amount of purchase money and taxes which had been paid by them under said contract of purchase, and prayed for a rescission

of the contract; and the defendant Harriet prayed specially that the land purchased should be sold and the proceeds applied to the re-payment of the purchase money paid by her, which she averred was her separate estate. The defendant Harriet also set up a counter-claim for money alleged to have been paid by her under duress. This transaction had no connection whatever with the sale of the land, and it was ignored at the trial.

A jury was called and the following issue of fact was submitted to them: "Was the contract between plaintiff and defendants entered into by the defendants through or by the false, fraudulent and deceitful contrivance and procurement of plaintiff, and if such was the case, what damages were sustained by reason thereof by the defendants." The verdict of the jury was as follows: "We, the jury, find the issue of fraud in favor of the defendants, and assess the damages in favor of the defendants, and against the plaintiff, at $1,000." The judgment of the court was that the note in suit be decreed to be satisfied, and that plaintiff retain the money theretofore paid by the defendants and that defendants retain possession of the premises, and that the title thereto be vested in them.

It is manifest that this decree cannot be permitted to stand. The parties and the court seem to have entirely disregarded the pleadings in the cause; under which, and the evidence adduced at the trial, the court should either have enforced the vendor's lien or rescinded the contract of sale, if the defendants were not barred of such relief by acquiescence or the statute of limitations.

The judgment will be reversed and the cause remanded. The other judges concur.