DOUGHERTY v. ADKINS, *Appellant.*

**Practice**: DECREE: PRAYER FOR TITLE. A decree should conform to the pleadings and evidence in a cause.

In a suit by bill in equity praying that the title to certain lots, conveyed to defendant by sheriff's and trustee's deeds, be vested in plaintiff, and that defendant be required to account for rents received by him thereon, it is error to enter against defendant a general personal money judgment.

*Appeal from Clay Circuit Court.*—HON. GEO. W. DUNN, Judge.

REVERSED.

*Henry Smith* for appellant.

This suit is a proceeding by bill in equity, praying that the title to certain lots, conveyed to defendant by a sheriff's deed, and, also, by a trustee's deed, be vested in plaintiff, and that defendant be required to account for rents received by him thereon. It was error, therefore, in the court to enter up a common law judgment for $537.23, and award against defendant a general execution. The bill does not deny that the money paid by defendant for the lots was his own. The money being his own, there cannot be a resulting trust to plaintiff or any one. The bill does not state facts sufficient to constitute a cause of action. 1. It is not alleged that the lots were bought with the money of the beneficiaries in the chattel mortgage, and there is no other allegation that would create an implied or resulting trust. 2. Where a trustee purchases in the name of a third person with trust funds, the resulting trust will not be to himself, but to his *cestui que trust. Kelly v. Johnson,* 28 Mo. 249, 252; *Russell v. Allen,* 10 Paige 249. 3. The bill does not show any right to plaintiff to sue defendant. 4. It does not show that a common law action would be unavailing and insufficient.

*Samuel Hardwicke* and *James M. Sandusky* for respond-
ent.

The judgment was authorized by the pleadings and the
evidence. "When a court of equity obtains jurisdiction
of a cause, it will retain the same to do full and complete
justice between both parties; it will, as far as possible, pre-
vent multiplicity of actions, and will not turn a party out
of court where his rights may be adjusted and determined
without that measure." *Corby v. Bean,* 44 Mo. 381. "It
will not content itself in this regard by any half way meas-
ures; it will not declare that a party has been defrauded
of his rights, and then dismiss him with a bland permis-
sion to assert, at new cost and further delay, those rights
in another forum." *Real Est. Savings Inst. v. Collonius,* 63
Mo. 295, and cases cited. The petition states a cause of
action. The appeal is frivolous, and judgment should be
affirmed with ten per cent damages. *Estey v. Post,* 76 Mo.
411.

EWING, C.—The plaintiff commenced suit by filing the
following petition:

"Plaintiff states that heretofore, to-wit, on the 18th
day of June, A. D., 1875, one James G. Adkins executed
and delivered unto Lewis B. Dougherty, plaintiff in the
above entitled cause, his certain deed of trust, dated the
day and year aforesaid, and filed in the office of the recorder
of deeds, on said day and year aforesaid, by which he
granted, bargained and sold, aliened, transferred, and con-
veyed unto said Lewis B. Dougherty a large quantity of
goods and chattels of great value, to-wit, of about the value
of $——— a full and particular description of which will be
found in said deed of trust, recorded in book one (1) at page
72, of the chattel records in and for said Clay county; that
said conveyance was made to said Dougherty in trust for
the following uses and purposes, to-wit: To indemnify
one Abram T. Litchfield, Darwin J. Adkins. Lewis B.

Dougherty, William G. Garth and Robert S. Adkins, as sureties for the said James G. Adkins on a certain promissory note executed by him and by them to The Commercial Savings Bank of Liberty, Mo., for the sum of $2,500 dated May 15th, 1875; and to indemnify one James M. Keller and Robert S. Adkins, as sureties for the said James G. Adkins on a note executed by him and by them to said bank for the sum of $2,046.54, dated November 11th, 1869; and to secure the indebtedness of James G. Adkins to said bank for the sum of $3,540, as a member of the copartnership of Blakemore, Harper & Co., on a note executed by said firm to said bank for said sum, dated March 8th, 1873; and to secure the indebtedness of the said James G. Adkins, to said bank for the sum of $510, evidenced by his note for said sum, dated September 7th, 1874; and to secure divers other claims in favor of said Bank and against said James G. Adkins, as will more fully appear by reference to said deed of trust aforesaid.

"Plaintiff states that by agreement between said James G. Adkins and the said Lewis Dougherty, trustee, as aforesaid, the said James G. Adkins was to sell said goods and chattels and turn the proceeds over to said trustee, to be applied by said trustee on the said claims hereinbefore stated, and toward the liquidation of the same; that in pursuance of said agreement, the said James G. Adkins proceeded to sell and did sell large quantities of said goods and chattels, and turned the proceeds thereof over to said trustee, to be applied on said claims aforesaid, except a certain note for the sum of $351.75, dated July 15th, 1875, due thirty days after date, executed by one Michael Knight and Patrick Dennen to said Jas. G. Adkins, which said note was executed by said Michael Knight in consideration of certain of said trust goods and chattels sold by said James G. Adkins to said Knight.

"Plaintiff states that on the 19th day of January, 1876, said James G. Adkins indorsed, transferred and delivered said note to said Robert S. Adkins, for the purpose of col-

lecting said note and turning the proceeds thereof over to said Dougherty, trustee, as aforesaid, to be applied by him in liquidation of the said claims secured by said deed of trust aforesaid. Plaintiff states that at the September term, 1876, the said Robert S. Adkins instituted suit in the circuit court of Clay county, Missouri, against said Patrick Dennen, on said promissory note, by attachment, the said Patrick Dennen being a non-resident of the State of Missouri; that under the writ of attachment issued in said cause, the sheriff of Clay county, Missouri levied upon and attached the following described real estate, situate, lying and being in Clay county, Missouri, to-wit, lots numbered one hundred and eighty-nine (189) and one hundred and ninety (190), as marked and numbered on the original plat of the town, now city, of Liberty; that at the March term, 1877, said Robert S. Adkins recovered judgment in the said Clay county circuit court, against said real estate aforesaid, for the sum of $412.61, the said Patrick Dennen having been duly notified of said attachment and the pendency of said suit by publication; that by said judgment a special *fieri facias* was ordered to issue for the sale of said real estate, and that at the September term, 1877, of said Clay county circuit court, said real estate was duly sold by the sheriff of Clay county, Missouri, during the sitting of said court, and at said sale said Robert S. Adkins became the purchaser thereof, at and for the price and sum of $480; and that said defendant, Robert S. Adkins, purchased said real estate for the use and benefit of the beneficiaries in said chattel mortgage as aforesaid, and that John S. Groom then sheriff of Clay county, Missouri, executed, acknowledged, sealed and delivered to said defendant Robert S. Adkins, a deed for said lots. Plaintiff further states that said deed is duly recorded in the office of the Recorder of Deeds for Clay county, Missouri, in book 46, page 512; and that previous to the day of sale aforesaid, the said Patrick Dennen executed, acknowledged, sealed and delivered to one David D. Miller his mortgage deed upon said property, to-wit, on the

15th day of November, 1875, to secure to said Miller a note therein described; and that on the 20th day of December, 1877, one James T. Riley, administrator of the estate of David D. Miller, deceased (the said Miller having died), under and by virtue of the power contained in said deed of mortgage, and at the request of defendant, and for the purpose of paying off balance due on said note, sold said lot at public sale, in conformity with said mortgage, and the said Robert S. Adkins became the purchaser thereof at and for the sum of $168.70; and in conformity with said sale, James T. Riley, administrator of said Miller, deceased, executed, acknowledged, sealed, and delivered his deed to said lot to defendant; and plaintiff charges the fact to be that said Robert S. Adkins purchased said lot at the last mentioned sale, for the use and benefit of the beneficiaries in said chattel mortgage, and that said lots, or their proceeds when sold, were to be turned over by said Robert S. Adkins to plaintiff, as trustee aforesaid. Plaintiff further states that Robert S. Adkins has collected the rents, and been in possession of said lots for over three years, and that said lots have been rented by him for $180 annually, and that said Adkins, the defendant, has received, by way of rents more than sufficient to pay off and discharge any individual moneys he may have advanced for plaintiff, as trustee aforesaid; and that defendant has refused, and still refuses to deed or convey said property to plaintiff, as trustee, or to sell said property and pay over the proceeds thereof to plaintiff, as such.

"Wherefore plaintiff prays that the title to said property be invested in plaintiff, and that defendant be required to account for rents received by him, and that such other and further judgment and orders be made in the premises as may be just and proper."

The answer was a general denial. It is manifest that the petition in this case contains allegations which, if true, would entitle the plaintiff to equitable relief. The plaintiff's interest in the property conveyed to him by James G.

Adkins, was that of a trustee. Robt. S. Adkins received the note on Knight and Dennen as a trustee, for the purpose of collecting for the benefit of plaintiff. Defendant bought the Dennen land with the Knight and Dennen note, and took the title in his own name. This, it is alleged, he held for the use of plaintiff's beneficiaries and that it, of right, belongs to them, having been purchased with the proceeds of the property conveyed to plaintiff by James G. Adkins. Plaintiff then in his petition prays, that the title to said property be vested in plaintiff, and that defendants be required to account for rents received by him, etc. The chancellor then heard the evidence, about which there seems to have been little controversy, and found the facts as charged in the petition to be true; and that the amount of the trust note he, defendant, had received was the amount he bid at the sale for the Dennen land, which was less the costs of suit, $537.23, and that the said real estate was paid for by said defendant "with the trust note aforesaid, indorsed to him as aforesaid by crediting the amount by him bid for said real estate upon said judgment, and that there was no consideration moving from said Robert S. Adkins for the said real estate except the said trust consideration." Judging from the finding of facts by the court, it would seem that the sum paid by the defendant at the mortgage sale, and the receipts for rents by the defendant, and his expenditures, as the evidence tended to establish these facts, were not taken into consideration by the court. The court below then entered a general personal money judgment against the defendant, altogether disregarding the pleadings in the case under which, and the evidence, the plaintiff was entitled to a decree for title to the land upon conditions. *Baldwin v. Whaley*, 78 Mo. 186; *Bank of Kentucky v. Poyntz*, 60 Mo. 531.

The judgment of the circuit court is, therefore, reversed, and the cause remanded with instructions, upon further proceedings, to ascertain the amount of the personal money paid out by defendant on account of his purchase at

the mortgage sale, as well as the amount of taxes and necessary repairs paid by defendant on account of said real estate. On the other hand, ascertain the amount of rents collected by defendant and adjust the balance between these accounts. If it be found that the rents received by defendant were sufficient to reimburse him the amount so found to have been paid by him, then to decree the title to the said land in plaintiff. If on the other hand it be found that the rents received were not sufficient to reimburse him, then decree that the deficiency be paid to him by the plaintiff, and vest the title to the real estate in plaintiff according to the prayer of his petition. All concur.