## C. FRED LAMONT, Plaintiff, v. LAMONT CRYS-TALLIZED EGG COMPANY, Appellant; SPRINGFIELD CRYSTALLIZED EGG COMPANY, Intervenor, Respondent.

**Kansas City Court of Appeals, January 20, 1904.**

1. **CORPORATIONS: Pleading: Equity: Law.** A petition by a minority stockholder in a corporation praying for a receiver of the corporation with orders on him to collect the unpaid subscriptions of the majority of the stockholders is held proper, since he can not resort to a mandamus against the corporation and his statutory remedy is only cumulative and does not deprive him of his right to appeal to a court of equity.

2. **PLEADING: Amendment: Change of Venue: Jurisdiction.** Where, after a change of venue, an amended petition not changing the cause of action is filed, the jurisdiction of the defendant is not lost.

3. **CORPORATIONS: Equity: Personal Judgment.** Where in an equity proceeding an intervenor claims the property in the hands of the receiver and the pleadings and evidence show that the intervenor's property is so mingled with defendant's that they can not be separated without destruction of the property, the court will render a money judgment against defendant and the fact that the intervenor's case was purely one for the recovery of personal property will not oust the court of its equity jurisdiction.

4. **APPELLATE PRACTICE: Final Judgment: Remanding.** Where the record shows the matters involved in an equity proceeding are all settled but there is no final judgment to that effect, the court will remand with directions to enter such judgment.

Appeal from Polk Circuit Court.—*Hon. Argus Cox, Judge.*

AFFIRMED AND REMANDED (*with directions*).

*Sherwood, Young & Lyon* and *V. O. Coltrane* for appellant.

(1)   A receiver should not have been appointed. There was no foundation laid for such appointment in the allegation of the petition, nor in the subject-matter of the action nor in the facts adduced in the evidence. Chemical Works v. Nemnich, 169 Mo. 397.   (2)   There was no *res* which was the subject-matter of litigation between plaintiff, Lamont, and the defendant company. Plaintiff's action was for the recovery of a moneyed demand and the other loose allegations of the petition do not change the essential nature of the suit nor confer a *res* on the court so as to authorize the appointment of a receiver, and his appointment was therefore *coram non judice*.   Miller Bros. v. Perkins, 154 Mo. 629.   (3)   The intervention of the Springfield Crystallized Egg Company was wholly unauthorized by either law or precedent.   The distinction between suits *in rem* and those *in personam* as to permitting intervention in the former case and denying it in the latter consists in this, that the person by his interest in the *res* has interest in a legal sense in the subject-matter of the controversy, but in a suit *in personam*, a person not a party to the suit can have no interest in a legal sense in a personal claim made in the suit against a defendant therein.   Coleman v. Martin, 6 Blatchf. 119; Horn v. Water Co., 13 Cal. 162; Coffee v. Greenfield, 62 Cal. 602; Smith v. Gale, 144 U. S. 509; Tuck v. Manning, 150 Mass. 211; In re Printup, 87 Ala. 148; Ex Parte Breedlove, 118 Ala. 172; Ex Parte Shoe Co., 50 So. Car. 140.   (4)   Equity will not entertain jurisdiction where there is an adequate remedy at law.   Russell v. Clarke, 7 Cranch. 69; Watson v. Sutherland, 5 Wall. 74; Brown v. City, 56 N. H. 375; Sturges v. City, 86 Ill. 441.   A remedy in a court of law ousts the jurisdiction of a court of equity.   Webb v. Ridgley, 38 Md. 364.   (5)   The trial court had no authority to render a person and moneyed judgment for $4,000 in favor of the intervenor and against defendant.   Such judgment was not within the issues joined in the cause.

Daugherty v. Adkins, 81 Mo. 411. In such a case, the defendants, as to the damages, were entitled to an opportunity to claim a trial by jury on that ground of action. Wheelock v. Lee, 74 N. Y. 495. (6) No authority existed in the lower court to enter judgment in favor of intervenor and against defendant without disposing of the other issues joined in the cause between the plaintiff and the defendant. R. S. 1899, sec. 766; McCord's Adm'r v. McCord, 77 Mo. 166.

*Barbour & McDavid* and *Edgar P. Mann* for respondent.

(1) The original suit upon which this intervening petition is engrafted is a suit in equity, and the circuit court had inherent jurisdiction to appoint a receiver in such case. Cox v. Volkhart, 86 Mo. 505; Miller v. Perkins, 154 Mo. 637, 1. c.; Seafield v. Bohne, 169 Mo. 546; Thompson v. Greeley, 107 Mo. 585. (2) The allegations of the petition are amply sufficient to justify the appointment of a receiver. Tuttle v. Blow, 163 Mo. 625. (3) It is not conceded that the allegations in the petition are insufficient to warrant the appointment of a receiver, yet, were this true, the intervenor could not take the hazard or risk the result of a suit. Block v. Estes, 92 Mo. 318-324; Thompson v. Greeley, 107 Mo. 577; Keokuk Line v. Davidson, 13 Mo. App. 561; State ex rel. v. Ross, 118 Mo. 23; High on Receivers, sec. 203, 238; Greeley v. Bank, 103 Mo. 222, 1. c. (4) It was entirely proper to allow the Springfield Crystallized Egg Company to intervene in this cause. It owned a part of the property in controversy. The courts view with favor the making of all who have any interest in the suit parties thereto, that all rights may be adjusted. Traven v. Dawson, 65 Mo. App. 93; Carter v. Mills, 30 Mo. 432; Hilton v. City, 99 Mo. 207; Rosenburg v. Soloman, 38 N. E. 982; Wood v. Water Co., 38 Pac. 239; Henry v. Ins. Co., 26 Pac. 318; Story's Eq. Pldg., sec. 208; Shipman's Eq. Pldg., sec.

127; Daniel's Chan. (2 Am. Ed.), pp. 1263, 1270; Smith on Receiverships, sec. 404; Thompson v. McCleary, 159 Pa. 189; Mahony v. Belmont, 62 N. Y. 133; Boot Co. v. Goyler, 115 Mass. 67. (5) Intervention was clearly permissible. Ames v. Trustee, 20 Beav. 353; Keokuk Line v. Division, 13 Mo. App. 561, 565, 566. (6) The judgment rendered is a proper one, clearly within the issues raised by the petition, answer and evidence. Courts of equity are bound by no strict rule as to the form of judgment, and may render a money judgment whenever it is necessary to do so in order that full justice may be done. Paquin v. Milliken, 163 Mo. 79; Alexander v. Relfe, 74 Mo. 520; Story's Equity Jurisprudence, sec. 439; Real Estate, etc., v. Collonious, 63 Mo. 290, 295; Baile v. Ins. Co., 73 Mo. 371; Boland v. Ross, 120 Mo. 216, and cases cited; Dudley v. 3rd Order of St. Francis, 138 N. Y. 457; Valentine v. Richards, 126 N. Y. 274; McGean v. Railroad, 133 N. Y. 16; Ins. Co. v. Beard, 80 Fed. 66; Perry on Trusts, secs. 217, 223; Van Rennselaer v. Van Rennselaer, 113 N. Y. 213; Rodgers v. Land Co., 134 N. Y. 218; Murtha v. Curley, 90 N. Y. 372; Gormerly v. Clark, 134 U. S. 338; Lynch v. Railroad, 15 L. R. A. 287.

BROADDUS, J.—This suit was begun in the Greene county circuit court. A change of venue was taken to the Polk county circuit court where it was tried, finding and judgment being against defendant in favor of the intervenor, from which defendant appealed. After the cause reached the circuit court of Polk county, plaintiff amended his petition; but as the amendment introduces no new matter materially affecting the merits of the case, it will only be necessary to refer to the amended petition, although defendant contends that the original petition as filed in Greene county did not state a cause of action, hence the circuit court of

Polk county got no jurisdiction by reason of the amended one.

According to the petition, the plaintiff was the owner of certain formulas, recipes, trade-marks and processes appertaining to the manufacture and sale or processing of the product known as crystallized egg and other food products, and in the desiccation of eggs, etc.; that in July, 1902, he entered into a writing with one George H. McCann by which he agreed to transfer all the said formulas, recipes, etc., to the said McCann, as trustee for the defendant company afterwards to be formed, which was to be taken by defendant as payment in full for plaintiff's subscription to the stock of said company; that thereafter, in a short time, defendant corporation was legally formed with a capital stock of $30,000, divided into three hundred shares of the par value of one hundred dollars each; that plaintiff subscribed one hundred shares; that the board of directors of defendant, when organized, consisted of three directors, to-wit: George H. McCann, Fred A. Wishart and plaintiff; that said McCann was elected president, Wishart secretary and treasurer, and plaintiff general manager of the concern; and that the remainder of said stock was to be paid for in lawful money by the said McCann.

Plaintiff claims that the defendant is indebted to him in the sum of $1,000 he advanced for the purchase of machinery, and for his salary from the fourth day of August, 1892, at the agreed sum of $300 per month; that the balance of said stock has not been paid into the treasurer of defendant by said McCann; that the defendant is insolvent and indebted to numerous other persons besides plaintiff; and that defendant was selling its assets but not buying products, and that it has ceased to be a "going concern." And, further, that without the payment of said subscription of stock the defendant is wholly insolvent.

The petition further alleges that if defendant had

complied with the terms of its articles of incorporation it "would now be doing a prosperous business, but to the contrary the said McCann and Wishart have failed to pay their subscriptions to the capital stock of defendant as they subscribed and contracted to do, and defendant being controlled by said George H. McCann and Fred A. Wishart as its officers, and being a majority of the board of directors of said corporation, failed and refused to institute proceedings against themselves, said McCann and Wishart, to compel them to pay their subscriptions. That the failure to pay said subscriptions caused indebtedness to accrue against defendant and said indebtedness still remains unpaid, and defendant was not at the time of the institution of this suit, nor now making any efforts to collect its outstanding assets to pay its debts; and without the payment of said subscriptions the defendant is wholly insolvent and cannot resume business."

Plaintiff alleges that he has "no remedy by the strict rules of the common law to reach said association and effects of defendant and that the only way he can protect his rights in defendant is by the process and decree of a court of equity." Plaintiff prayed for the appointment of a receiver and for an order for him, as such receiver, to collect all subscriptions owing to the capital stock, and that the court ascertain and determine the rights of all interested parties and have the property of defendant sold, etc.

After a receiver had been appointed, as prayed for in the original petition, defendant filed a motion asking that the order appointing such receiver be vacated. This motion was overruled. No appeal was taken from the action of the court appointing the receiver, nor from the action of the court overruling defendant's motion to vacate said order of appointment. After the cause had been taken by change of venue to Polk county, the intervenor filed its petition claiming the ownership of certain property in the possession of the defendant.

On the trial of intervenor's claim the finding and judgment were in its favor. The judgment is to the effect that "the defendant has sold and disposed of the property hereinbefore described, and has so intermingled the remainder of said property with other property belonging to defendant, and constituting its present plant, that it is impossible to fully identify the specific property so as to order a return thereof to intervenor without great damage to the property and the building in which it is now located. And the court further finds the reasonable value of the property taken and appropriated by defendant to be four thousand dollars. Wherefore, it is ordered, decreed and adjudged that the intervenor, in lieu of the specific property sued for, have and recover of the defendant company, the Lamont Crystallized Egg Company, the sum of four thousand dollars."

The intervenor's petition asserts ownership of the property in the hands of the receiver. The defendant, after denying intervenor's ownership of said property, alleges that "all of said property, consisting of machinery of various kinds, along with other machinery, was placed in a building leased for that purpose, and changed and altered in various ways, for the purpose of manufacturing crystallized eggs, and attached to said building and other machinery, and became and therefore constituted one entire plant, and does so constitute one entire plant at this time, and that to separate the same would injure and destroy the plant as a whole and render it valueless."

Defendant contends in effect, first; that the petition did not state a cause of action in equity authorizing the appointment of a receiver, therefore, the court had no jurisdiction to make such appointment; second, as the court had no jurisdiction to appoint the receiver, none was conferred to authorize the intervention of the Springfield Crystallized Egg Company. Therefore. the proceedings were void and the judgment a nullity.

It is insisted that plaintiff had an adequate remedy at law to enforce the collection of his debt by obtaining judgment and suing out execution thereon. Failing to collect his debt, upon a return of *nulla bona* upon his execution, a court of equity would then lend its aid. High on Receivers, sections 404 and 405. And if defendant's officers failed and refused to collect and pay over the subscriptions to its capital stock, it is contended that plaintiff has a legal remedy by the writ of mandamus to compel the officers of the association to collect such unpaid subscriptions and turn the proceeds into defendant's treasury. High on Receivers, section 32; Miller Bros. v. Perkins, 154 Mo. 629.

But the petition alleges that McCann and Wishart, who constituted a majority of defendant's officers, are the non-paying stockholders who failed and refused to institute proceedings against themselves (as a matter of course) to compel payment of their said subscriptions. The plaintiff is not, therefore, in a position to use the name of defendant in a mandamus proceeding as the majority of defendant's officers are opposed to such action. Perhaps plaintiff might have proceeded under sections 1338-1339, Revised Statutes 1899, to compel the said delinquent shareholders to pay their subscriptions. But he was not compelled to so proceed. The statutory remedy is merely a cumulative one, leaving intact those already existing. Woodward v. Woodward, 148 Mo. 241; Bertholdt v. Land Co., 91 Mo. App. l. c. 241. We therefore believe that plaintiff as a shareholder having no effective legal remedy was entitled to ask the intervention of a court of equity to protect his rights as such. As the original and amended petitions are substantially alike, the contention of defendant that the circuit court of Polk county did not obtain jurisdiction of its person because the amended petition was the substitution of a new cause of action, must be held as not well taken.

Defendant further contends that the trial court

had no authority to render a personal judgment against it in favor of intervenor for $4,000, as such a judgment was not within the issues of the pleadings. The defendant in its answer to plaintiff's petition claiming certain specific personal property, amongst other matters, stated: "Said property had been so intermingled by defendant with other of its property and constituting its plant that to separate same would injure and destroy the plant as a whole and render it valueless." And the court found such to be the case. In Dougherty v. Adkins, 81 Mo. 411, it was held: "In a suit by bill in equity praying that the title to certain lots conveyed to defendant by sheriff's and trustee's deeds be vested in plaintiff, and that defendant be required to account for rents received by him thereon, it is error to enter against defendant a general personal money judgment." The court citing Baldwin v. Whaley, 78 Mo. 186; Bank v. Poyntz, 60 Mo. 531. But in the former case, the court held also that the evidence authorized a judgment in accord with the plaintiff's petition, and reversed the cause with proper directions for judgment to be rendered. In Baldwin v. Whaley, supra, the cause was reversed because the judgment was at variance with both the pleadings and evidence, and the manner of proceeding was pointed out to the trial court. The ruling in Bank v. Poyntz, supra, was in harmony with the others.

But we do not think these cases are authority for defendant's position, or in the least in conflict with the well-established rule announced in the case of Savings Institution v. Collonious, 63 Mo. 290, that when "a court of equity once acquires jurisdiction of a cause it will not relax its grasp upon the *res* until it shall have avoided a multiplicity of suits by doing full, adequate and complete justice between the parties." And, in applying the rule to the particular case then under consideration, the court further said: "It will not content itself in this regard by any halfway measure;

it will not declare that the party has been defrauded of his rights and dismiss him with a bland permission to assert, at new cost and further delay, those rights in another forum." The plaintiff here could not take a judgment for the specific property sued for, as it would have been unavailing owing to the situation in which said property was placed by the wrongful act of defendant. All, then, that the court could do was to render a personal money judgment in plaintiff's favor against defendant or dismiss the case in order that another suit might be instituted. We believe the court pursued the proper course, such as is sanctioned by the foregoing rule of equity.

But it is insisted that intervenor's case was purely one of law to recover personal property in the hands of the receiver and not governed by the rules of equity. It is true that the action is one at law, but its purpose is to take from the hands of the receiver trust property under the control of a court of equity. Such being the case, and the intervenor having established its right to the property, it was entitled to a judgment for its possession. But as it was admitted that possession could not be given without great damage to other property of defendant, which equity would not permit, the court in the exercise of its equity powers gave intervenor a judgment for its value. The court could not dismiss intervenor because it had established its claim; and, therefore, recourse was had to the only available means of doing justice. As it could not administer the letter of the law and give the "pound of flesh" without sacrificing the *res,* it gave its value; which we think was a sound administration of the law. Upon the whole, the case was one in equity, for which reason, also, the defendant was not entitled to a jury trial as claimed.

And there is no merit in defendant's contention that the record does not show a final judgment disposing of the main case. Defendant is not in a position

to urge this point as it is the appellant. It is an invitation to dismiss the appeal. But as the record discloses that plaintiff Lamont has settled his suit, the cause will have to be remanded in order that the court below may enter the proper judgment disposing of the entire case.

We do not propose to review the evidence in the case as we do not see how the court, under the facts established, could have found otherwise than it did. And it is deemed sufficient to state that in our opinion there was nothing in the case going to show either an estoppel or laches on the part of the intervenor. Other questions have been raised by defendant which are not of sufficient importance for comment.

For the reasons given, the cause is affirmed and remanded with directions to the trial court to enter final judgment as between plaintiff and defendant, as shown by their settlement. All concur.