STATE ex rel. HOUSE WRECKING, SALVAGE & LUMBER COMPANY, Relator, v. JAMES E. GOODRICH, Respondent.

**Kansas City Court of Appeals, June 14, 1909.**

1. **PROHIBITION: Grounds: Petition.** An application for a writ of prohibition against a judge to restrain him from administering the estate of a corporation through a receiver on the ground that the court had no jurisdiction will not be denied because the petition defectively pleaded a cause of action.

2. **CORPORATIONS: Unpaid Subscriptions: Trust Fund.** Unpaid subscriptions on capital stock constitute a trust fund for the benefit of creditors.

3. ————: ————: ————: **Right of Equity to Administer.** The right of equity to administer a trust fund consisting of unpaid subscriptions to the capital stock of a corporation is fundamental and since the statute (R. S. 1899, section 985) contains no language indicative of a legislative intention to make exclusive the remedy therein provided, it is deemed merely cumulative.

Writ of Prohibition against Hon. James E. Goodrich, Judge of Division No. 5 of Jackson Circuit Court.

PEREMPTORY WRIT DENIED.

*Witten & Hall* for relator.

The petition asking appointment of receiver stated no cause of action against the defendant corporation, sought no judgment of any character or kind against it, and asked no relief except the appointment of a receiver. There was no property or assets of defendant

corporation in the custody of the court and there was no pending suit between Straub and the defendant corporation. The court therefore acquired no jurisdiction to appoint the receiver. Miller Bros. v. Perkins, 154 Mo. 636; State ex rel. v. Ross, 122 Mo. 456.

*Borland, Pew & Proctor* for respondent.

The court had jurisdiction to appoint the receiver. State ex rel. v. Gates, 190 Mo. 540; 5 Thompson on Corporations, sec. 6664; Babb v. Bruere, 23 Mo. App. 604; State ex rel. v. Scarritt, 128 Mo. 331; State ex rel. v. Stobie, 194 Mo. 14; State ex rel. v. Reynolds, 121 Mo. App. 699; Tube Works Co. v. Ring F. & M. Co., 201 Mo. 30. Unpaid subscriptions are equitable assets, notwithstanding there is also a statutory remedy for reaching them. Meyer v. Mining Co., 192 Mo. 162; Lionberger v. Bank, 10 Mo. App. 499; Lamont v. Lamont C. R. Co., 109 Mo. App. 46; Glover v. St. Louis M. B. B. Co., 138 Mo. 408; Bank v. Butchers & Drovers Bank, 107 Mo. 133; Berry v. Rood, 160 Mo. 316, 209 Mo. 662; Ford v. Railroad, 52 Mo. App. 439. Courts of equity, in reaching unpaid subscriptions, have sometimes proceeded direct against the delinquent shareholders by bill in the nature of accounting; sometimes by the appointment of a receiver in a suit against the corporation, which receiver is empowered to bring the necessary suits against the stockholders. There is no doubt of the power of a receiver to sue for and collect unpaid subscriptions.

JOHNSON, J.—This is an original proceeding for a writ of prohibition against the Honorable James E. Goodrich, Judge of division number five of the Jackson county circuit court. Relator, a creditor of the Interstate Fair and Exposition Company (a domestic corpo·

ration) brought suit at law on its demand and recovered judgment June 3, 1908,. for $3,919.48. Execution was issued immediately and was returned unsatisfied at the October term of the circuit court. Relator then filed a motion as provided in section 985, Revised Statutes 1899, for execution against James H. Halpin and Harry M. Evans, who were stockholders in defendant corporation and had not paid in full for their stock. In their answer, Halpin and Evans pleaded that relator had no right to an execution against them because the circuit court had appointed a receiver at the suit of another and prior judgment creditor to take charge of and collect the unpaid subscriptions to the capital stock of the defendant corporation as a trust fund to be administered in that action for the benefit of the creditors of the corporation. Thereupon, relator filed a motion asking that it be made a party to that suit. This motion was sustained and relator then filed a motion to set aside the interlocutory order appointing the receiver on the ground that the court had no jurisdiction to appoint a receiver. This motion as well as the motion for an execution is still pending and undetermined.

It is alleged in the petition for a writ of prohibition "that notwithstanding said motions are pending the said judge of Division No. 5 of said circuit court is proceeding to make orders in and administer the estate of said Interstate Fair and Exposition Company by and through its said receiver."

The receivership suit was instituted by V. W. Straub, a judgment creditor of the corporation. Straub brought suit on his demand after relator had filed its suit, but recovered judgment by agreement some time before relator obtained its judgment. He then brought suit in equity against the corporation alleging in his petition that he was a judgment creditor, that he had made diligent search for assets of the corporation whereon to levy an execution, but that none could be found; that the capital stock of the corporation, $50,000, had

been all subscribed, but that with one exception, all of the subscribers (the petition states their names and the amounts subscribed by each) were indebted to the corporation on account of their subscriptions and "that said delinquent subscribers are all directors and officers of said company, so that it would be useless to apply to said officers to bring suit in the name of the company to recover any unpaid balances of stock subscribed for as alleged above." The prayer of the petition is "that a receiver may be appointed to wind up the affairs of said company, to prosecute said suits against said delinquent subscribers to the capital stock and to recover and take in charge all of said defendant company's property of every kind and description, and subject such assets and funds to the payment of all the just debts and obligations of said defendant, and particularly the payment of the judgment obtained by plaintiff as aforesaid, and for such other and further relief as plaintiff may be entitled to in equity and good conscience." An interlocutory order appointing a receiver was made and the receiver qualified before relator recovered judgment against the corporation.

The main question for our solution is whether the circuit court sitting as a court of equity had jurisdiction over the class of causes to which that stated in the petition for a receiver belongs. Some of the points argued by relator are to the effect that the cause is defectively pleaded in that petition. Such points are not before us in an original proceeding such as this, and may only be raised in a direct proceeding. "If the case stated or attempted to be stated in the petition is of a subject over which the circuit court has no jurisdiction, yet the court give indication of a purpose to entertain it, an application for a writ of prohibition will be received, but if it be that a petition merely states defectively a cause of the nature of which the court has jurisdiction, a writ of prohibition will not issue merely because it is feared that the court might erron-

eously decide that it was sufficient." [State ex rel. v. Gates, 190 Mo. l. c. 553.]

In substance, it is contended by relator, that the statutory remedy (section 985, Rev. Stat. 1899) afforded creditors of an insolvent corporation against delinquent stockholders is exclusive and that a court of equity has no jurisdiction over the subject of collecting unpaid subscriptions and administering them as a trust fund for the benefit of all the creditors. The rule in this State is that unpaid subscriptions on capital stock constitutes a trust fund for the benefit of creditors. [Meyer v. Mining Co., 192 Mo. l. c. 189.] The right of equity to administer funds of this character has been generally recognized; indeed, it is fundamental, and since the statute contains no language indicative of a legislative intention to make exclusive the remedy therein provided, it must be deemed merely cumulative. [Lionberger v. Bank, 10 Mo. App. 499; Lamont v. Lamont Co., 109 Mo. App. 46; Bank v. Bank, 107 Mo. l. c. 143.]

We find the circuit court had jurisdiction over the parties and subject-matter and as the receivership suit was begun before relator obtained his judgment, the court acquired complete jurisdiction over the debts due the corporation on account of unpaid subscriptions.

Relator is right in saying a receiver may be appointed only in aid of a cause of action, but is wrong in its conclusion that the appointment in this instance was the only relief sought in the petition. The action is in the nature of a creditor's bill brought by a judgment creditor, and its main objects are the conservation and administration of a trust fund. The appointment of the receiver was merely auxiliary and by no means should be regarded as the chief end and aim of the proceeding.

The peremptory writ is denied. All concur.